ARMSTRONG, Judge.
This is an appeal from a district court’s denial of plaintiff, Roy Walker’s, motion to assess expenses incurred by him during his successful litigation of an administrative ruling by defendants, the Stewards of Jefferson Downs Race Track, pursuant to La. R.S. 49:965.1. The district court also ruled on other requests by plaintiff, but on appeal he only raises the denial of his motion for litigation expenses. We now reverse.
*404 On June 5, 1991, in an unreported decision, this court affirmed the district court’s reversal of an administrative ruling upholding a ruling by defendants fining plaintiff, a licensed horse owner/trainer, $2,500.00, and denying him access to all racetracks and off-track betting operations for two years. Following plaintiffs successful appeal to this court, he filed a motion in the district court on June 14, 1991 seeking “reasonable litigation expenses” under La.R.S. 49:965.1(A) which provides:
When a small business files a petition seeking: (1) relief from the application or enforcement of an agency rule or regulation, (2) judicial review of the validity or applicability of an agency rule, (3) judicial review of an adverse declaratory order or ruling, or (4) judicial review of a final decision or order in an adjudication proceeding, the petition may include a claim against the agency for the recovery of reasonable litigation expenses. If the small business prevails and the court determines that the agency acted without substantial justification, the court may award such expenses, in addition to granting any other appropriate relief, (emphasis added)
La.R.S. 49:965.1(B) provides that “a small business shall have been deemed to have prevailed in an action when, in the final disposition, its position with respect to the agency rule or declaratory order or ruling is maintained_” .
The trial court found that under La. C.C.P. art. 425, plaintiff was precluded from instituting an action seeking the litigation expenses.- La.C.C.P. art. 425, as in effect at the time plaintiff filed his original petition in district court, provided:
An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion.
In Cantrelle Fence and Supply Co. Inc. v. Allstate Ins. Co., 515 So.2d 1074 (La. 1987), the plaintiffs filed suit against the defendant, their uninsured motorist carrier, went to trial, and recovered $300,000. Nine days after judgment was. rendered, plaintiffs filed a separate suit against the defendant claiming statutory attorney fees and penalties under La.R.S. 22:658. In the second suit the plaintiffs asserted that the defendant arbitrarily, capriciously and without probable cause refused to pay the UM benefits within sixty days after demand as required by statute. The trial court dismissed the plaintiffs’ second suit based on La.C.C.P. art. 425.
The Louisiana Supreme Court examined La.C.C.P. art. 425 and determined that the “juridical facts” which gave rise to litigation in the second suit created a different cause of action “(a different obligation)” than the one previously raised in the suit against the defendant insurer for recovery of UM benefits. The court found that the obligation arising out of the penalty statute was separate and distinct from the obligation arising out of the contractual relationship under the insurance policy, and the two suits did not involve a division of one obligation as contemplated by La.C.C.P. art. 425.
In the instant case, plaintiff submits that the factual circumstances in Cantrelle are analogous to the facts in his case. Defendant submits that Cantrelle is inapposite to the facts of this case. It is defendant’s position that plaintiff was entitled to litigation expenses only if he included a claim for them in his petition for judicial review.
La.R.S. 49:965.1 gives plaintiff a cause of action for reasonable litigation expenses. La.R.S. 49:964 gives plaintiff a right to judicial review of the administrative ruling against him. Even in the absence of such a statute, however, a party may have a right under La.Const. art. 1, § 6 to judicial review of administrative decisions adversely affecting their rights. See, Werner v. Bd. of Trustees of New Orleans Police Pension Fund, 360 So.2d 615 (La.App.4th Cir.1978). Under R.S. 49:964, to have the decision of the administrative agency reversed plaintiff bore the burden of establishing that:
*405 [Substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions [were]:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (5) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record....
The recovery of attorney fees and penalties in Cantrelle, and the recovery of litigation expenses under R.S. 49:965.1 in the instant case, while both directly related to plaintiff(s) prevailing on the merits in the district court, are separate causes, at least under La.C.C.P. art. 425 as in effect at that time. Plaintiff's right to litigation expenses rested on whether he prevailed at the district court level, and whether defendant acted without “substantial justification.” We see two separate and distinct causes of action, or obligations, in the instant case, as in Cantrelle, and, for that reason find that La.C.C.P. art. 425, as in effect at the time plaintiff filed his original petition, did not preclude his filing of a separate suit for litigation expenses.
Aside from the prohibition of La.C.C.P. art. 425, we find nothing in La.R.S. 49:965.1 or that statutory scheme to bar plaintiff from waiting until he prevailed on appeal to ask for litigation expenses, including those incurred on appeal.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings in accordance with the views expressed herein.
REVERSED AND REMANDED.