JzSHORTESS, J.
The Department of Public Safety and Corrections (DPSC) proposed suspending Derrick T. Lee’s driver’s license. Lee asked for a hearing before a DPSC administrative law judge (ALJ). More than two months before the hearing, his counsel wrote DPSC and asked for copies of all documents DPSC intended to introduce at the hearing. DPSC neither replied to counsel’s letter nor appeared at the hearing.
Lee and his counsel appeared at the hearing and objected to DPSC’s failure to provide the documents prior to the hearing. The ALJ found, “Since the Administrative Procedures Act provides the defendant or his attorney, the right to obtain the requested documents prior to the hearing, and [Lee’s counsel’s] request was denied, I find [DPSC’s] proposed suspension order should be dismissed.” DPSC then filed a petition for judicial review in the district court.
Lee filed an exception of no right of action and a motion for declaratory judgment, contending DPSC had no right to appeal the results of an administrative hearing because Louisiana Revised Statute 49:964 permits only a “person,” and not an agency, to appeal. Alternatively, Lee contended DPSC could not appeal the results of an administrative hearing at which it failed to appear. Without oral or written reasons, the trial court affirmed the ALJ’s decision. DPSC now appeals to this court.
Revised Statute 49:964(A) provides- that, subject to certain exceptions, “a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review under this Chapter ..., without limiting, however, utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law.” [1] “Person” is defined in Revised Statute 49:951(5) as “any individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than an agency.” (Emphasis added.) There is one exception: an agency may be considered a person for the purpose of appealing an administrative ruling in a disciplinary action brought under Title 37, Professions and Occupations, prior to final adjudication.
“Agency” is defined in pertinent part in Revised Statute 49:951(2) as “each state board, commission, department, agency, officer, or other entity which makes rules, ^regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana....” DPSC, a state department, clearly is an agency under this definition, not a person. Thus, it has no right to judicial review of the *719 decision of the ALJ absent some “other means of review, redress, relief, or trial de novo provided by law.”
DPSC points to no other statutory means of review, but contends it is absurd that an ALJ could be the final judge of law in a driver’s license suspension case. The legislature chose to make an exception to Revised Statute 49:964 to permit an agency to appeal an interlocutory ruling in a disciplinary case under Title 37. If it chooses to do so in the future, the legislature could make an exception for issues of law in driver’s license suspension cases. But as the law stands now, DPSC has no such right. The trial court correctly dismissed DPSC’s suit for judicial review, and we affirm that decision. DPSC is cast with costs of this appeal in the sum of $389.89.
AFFIRMED.

. We note Louisiana Revised Statute 32:668 also permits "a person” who has exhausted his remedies with DPSC following suspension of his driver's license to petition for judicial review.