804 So.2d 41 (2001)
James H. "Jim" BROWN, Commissioner of Insurance, State of Louisiana
v.
STATE FARM FIRE & CASUALTY COMPANY.
No. 2000 CA 0539.
Court of Appeal of Louisiana, First Circuit.
June 22, 2001.
Writ Denied December 7, 2001.
*42 Barry James Ingram, C. Noel Wertz, Baton Rouge, Counsel for James H. "Jim" Brown, Commissioner of Insurance, State of Louisiana Plaintiff-Appellant.
Brace B. Godfrey, Jr., E'Vinski L. Davis, Baton Rouge, Counsel for State Farm Fire & Casualty Company Defendant-Appellee.
*43 Before: WHIPPLE, KUHN, and DOWNING, JJ.
DOWNING, Judge.
The Commissioner of Insurance (hereinafter, "Commissioner") appeals its dismissal from litigation by an exception of no right of action claiming he has a constitutional right to seek judicial review of adverse administrative decisions. The Commissioner also appeals the trial court's failure to allow him to amend the petition to allege additional facts which would remove the objection to the grounds for the exception of no right of action. For reasons stated herein, we affirm the trial court's judgment.

FACTS
On June 5, 1998, Administrative Law Judge (hereinafter, "ALJ") Rufus D. Hayes rendered a decision ordering the Department of Insurance to approve the form of a "Rental Condominium Unit Owner's Policy" submitted by State Farm. On July 2, 1998, the Commissioner filed for judicial review with the Nineteenth Judicial District Court.
On August 9, 1999, State Farm filed a peremptory exception of no right of action claiming the Department of Insurance, a state agency, was precluded from pursuing judicial review under the provisions of the Louisiana Administrative Procedure Act or the Division of Administrative Law. The trial court entered a judgment sustaining the exception on January 19, 2000, dismissing the Commissioner's petition for judicial review. The Commissioner appealed, asserting two assignments of error.

ASSIGNMENTS OF ERROR
The Commissioner alleges that:
1. The trial judge erred in ruling that the Commissioner of Insurance does not have standing to seek judicial review of the decision rendered by the Division of Administrative Law.
2. The trial judge erred in dismissing the suit with prejudice without allowing the Commissioner of Insurance an opportunity to amend the petition.

DISCUSSION

State Agency's Right to Judicial Review
Louisiana Revised Statute 49:964(A)(2) and Louisiana Revised Statute 49:992(B)(3), as amended by Acts 1999, No. 1332, effective July 12, 1999, expressly provide that "no agency or official thereof, or other person acting on behalf of an agency or official thereof, shall be entitled to judicial review" of a decision made pursuant to the Louisiana Administrative Procedure Act (hereinafter, "LAPA") or Division of Administrative Law (hereinafter, "DAL"). There is no dispute that the ALJ's decision was made pursuant to the LAPA and the DAL. Thus, the plain terms of Acts 1999, No. 1332 mandate dismissal of the Commissioner's petition.
The Commissioner, in his official capacity, however, argues Acts 1999, No. 1332 violates the Department of Insurance's constitutional right to appeal an adverse decision rendered by the ALJ. The Commissioner specifically cites article 1, § 22 of the Louisiana Constitution which provides:
All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights. (Emphasis added.)
Despite the definition under La. R.S. 49:951(5),[1] we acknowledge that the *44 Department of Insurance is a "person" under Louisiana law in that it has all of the attributes of personality including name, domicile, nationality and patrimony. See Louisiana Constitution art. IV, § 11 and Title 22 of the Louisiana Revised Statutes regarding the rights, obligations and duties of the Commissioner of Insurance. "Civilian terminology... employs the word person in a technical sense to signify a subject of rights and duties." See A.N. Yiannopoulos, Louisiana Civil Law System § 48 (1977).
However, the Department of Insurance is a juridical person as opposed to a natural person. See La. C.C. art. 24: "A juridical person is an entity to which the law attributes personality,.... (Emphasis added.) The personality of a juridical person is distinct from that of its members."[2] Comment (d) of La. C.C. art. 24 provides: "[t]he capacity of a juridical person is governed by provisions in its charter, governing legislation, and customs."
Accordingly, the question before us is whether the provisions of the LAPA provide an "adequate remedy by due process of law and justice" to the Department of Insurance, as a juridical person, for its alleged injuries as the Louisiana Constitution requires in art. 1, § 22.

NATURE AND RIGHTS OF JURIDICAL PERSON
Juridical persons, also called juristic persons, are "creatures of the law." A.N. Yiannopoulos, Louisiana Civil Law System § 48 (1977). In discussing the "personality" of governmental entities, Professor Yiannopoulos observed as follows:[3]
They are indispensable for the realization of human interests, and, in order to assure their function, the law grants to them the power to participate in legal life by the attribution of legal personality. These entities have no physical existence, but they are formed by human beings for the satisfaction of needs that require unison of effort. (Emphasis added.) Id.

According to Professor Yiannopoulos, the theory underlying the provisions of the Louisiana Civil Code of 1870 dealing with juridical persons appears to be that "juristic persons are artificial creatures of the politically organized society; they are created by a concession, and their interests are purely those recognized by the law." Id. § 57.
The Commissioner argues that it has a right of review through access to the courts pursuant to Louisiana Constitution article 1, § 22, which provides that a "person" shall have an "adequate remedy at law by due process of law and justice." The Commissioner appears to claim to the Department of Insurance the same rights as possessed by natural persons.
However, Louisiana Civil Code article 27 provides that "natural persons" enjoy general legal capacity to have rights *45 and duties. See also La. Const. art. 1, the Declaration of Rights. A "juridical person," conversely, as a creature of the law and by definition, has no more legal capacity than the law allows. Yiannopoulos, Louisiana Civil Law Systems § 53.
The LAPA allows the Commissioner to argue its position before the ALJ, which it vigorously did in this case. With Acts 1999, No. 1332, however, the legislature specifically has chosen to deny state agencies any entitlement to judicial review under the LAPA, La. R.S. 49:964(A)(2), denying these agencies even status as "persons" under its terms. La. R.S. 49:951.5. In so doing the legislature apparently has concluded that the Commissioner's remedy before the ALJ is adequate to protect the interests entrusted to him by law.
The Commissioner cites several cases including Bowen v. Doyal, 259 La. 839, 253 So.2d 200 (La.1971) and Buras v. Board of Trustees of Police Pension Fund of City of New Orleans, 367 So.2d 849 (La.1979), where the Louisiana Supreme Court agreed that certain agencies did have a right to judicial review.
Since those cases were decided, however, La. R.S. 49:951(5) has been amended to specifically exclude the agency as a "person" and La. R.S. 49:964(A) has been amended to specifically exclude judicial review to an agency or an official thereof under the LAPA. See Acts 1999, No. 1332.
Thus, in State of Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles v. Lee, 98-0270, pp. 2-3 (La.App. 1st Cir.2/19/99), 729 So.2d 717, 718-719, this court found that the Department of Public Safety and Corrections, (hereinafter, "DPSC") had no right to appeal the results of an administrative hearing because La. R.S. 49:964 permits only a "person," and not an agency, to appeal. La. R.S. 49:964(A) provides that, subject to certain exceptions, "a person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review...."
A "person" is defined in La. R.S. 49:951(5) as "any individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than an agency." (Emphasis added.) An "agency" is defined under La. R.S. 49:951(2) as "each state board, commission, department, agency, officer, or other entity which makes rules, regulations, or policy, or formulates, or issues decisions or orders pursuant to, or as directed by, or in implementation of the constitution or laws of the United States or the constitution and statutes of Louisiana..." This court found that the "DPSC, a state department, clearly is an agency under this definition, not a person." Lee, 98-0270 at p. 3, 729 So.2d at 718.
We do not interpret La. R.S. 49:951(5) to limit the personhood and attendant rights, obligations or duties of the Department of Insurance beyond the confines of the LAPA. As we observed in State of Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles v. Lee, an agency has no right of review "absent some `other means of review, redress, relief, or trial de novo provided by law.'" Lee, 98-0270 at p. 3, 729 So.2d at 719. We do, however, conclude that the legislature has manifested a clear intention to limit the Department of Insurance's right to seek judicial review under the LAPA. Id.
Louisiana Constitution art. 1, § 22 guarantees the Department of Insurance through its commissioner an adequate remedy by due process of law and justice for injury to the Department or its rights. As a matter of law and of Constitutional interpretation, however, we cannot say the *46 legislature has afforded the Department of Insurance an inadequate remedy when the Department as a juridical person has no more rights than the law allows. We do not believe the Louisiana Constitution imbues a juridical person, the Department of Insurance through its commissioner, with the same constitutionally protected rights reserved to the individual and for the good of the whole.[4]See art. 1, § 1 and art. 1, § 24 of the Louisiana Constitution (1974). The Louisiana Constitution provides in art. 1, § 1 that government is founded on the will of the people alone. The Legislature, speaking for the people, has elected to limit the right to seek judicial review by the Department of Insurance under the circumstances of this case.
We refuse to say without positive law that the rights of a juridical person transcend the law that created it. The trial court committed no error in maintaining State Farm's exception of no right of action in this matter. The first assignment of error is without merit.

Commissioner's Right to Amend Petition
The Commissioner alleges that the trial court erred by dismissing his suit without allowing him to amend his petition for judicial review in order to assert that Acts 1999, No. 1332 is unconstitutional. The Commissioner cites Louisiana Code of Civil Procedure art. 934 which provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
The Commissioner argues that he should have been allowed to amend the pleadings to bring an action to challenge the constitutionality of La. R.S. 49:964(A)(2) on two grounds: (1) that the LAPA unconstitutionally usurps the Commissioner of Insurance's powers, and (2) the LAPA usurps power constitutionally vested in the judiciary.
We have adequately addressed the first of these proposed challenges above. State Farm's exception of no right of action contested the Commissioner's right to challenge the ALJ decision because the legislature's enactment of Acts 1999, No. 1332 had gone into effect. The Commissioner responded asserting that the Department of Insurance has a constitutional right as a "person" to seek judicial review, the LAPA notwithstanding. Both parties fully addressed the constitutionality of the Commissioner's right to seek judicial review independent of the LAPA. Consequently, the constitutionality of this statute in this regard was squarely before the trial court and was thoroughly argued by both parties. While the trial court gave no oral or written reasons for sustaining State Farm's exception of no right of action, it is clear that the trial court concluded in this regard that the act was constitutional. As discussed above, the trial court was correct in so ruling, and we find no error in its failing to allow the Commissioner to amend the petition to allege the unconstitutional usurpation of his power.
*47 The Commissioner apparently argues he should have been allowed to amend the petition to allege the LAPA unconstitutionally violates the separation of powers doctrine, La. Const. art. 2, § 2. We disagree.
The Commissioner's petition for judicial review was before the trial court under its appellate jurisdiction pursuant to La. R.S. 49:964, wherein the trial court's review is generally limited to review of the administrative record. See In the Matter of Carline Tank Services, Inc., 627 So.2d 669, 670-671 (La.App. 1st Cir.1993) (on rehearing). No provision of La. R.S. 49:964 gives the trial court the power or jurisdiction to hear a contradictory challenge to the LAPA based on a violation of the separation of powers doctrine.
While the Commissioner alleges he should have been allowed to amend his petition to allege a usurpation of the rights of the judiciary, nothing in the record or briefs explain how he could successfully amend a petition for judicial (appellate) review to cumulate or substitute some type of ordinary proceeding, nor is the permissibility of such amendment apparent to this court. The proposed amendment apparently would not merely add a cause of action or a party, but would substitute one lawsuit for another, changing the parties, the form of procedure and the relief sought. In Sivils v. Mitchell, 96-2528, p. 6, n. 4. (La.App. 1st Cir.11/7/97), 704 So.2d 25, 29 n. 4, this court observed as follows:
Under LSA-C.C.P. art. 934, when the grounds of the objection pleaded by a peremptory exception may be removed by an amendment, the judgment should order such amendment. However, to allow the amendment contemplated by LSA-C.C.P. art. 934, there should be some indication that the defective petition can be amended so as to state a lawful right of action, and a plaintiff must be able to remove the grounds for the objection. (Emphasis added.) (Citations omitted.)
Where it is not apparent how the grounds of State Farm's objection of no right of action can be removed by amendment, we cannot conclude the trial court erred in failing to allow the Commissioner to amend his petition to allege the unconstitutionality of the LAPA. We are not obligated to speculate on how the Commissioner's petition might be successfully amended. We also observe that the Commissioner appears to have an adequate remedy at law in this regard by filing a declaratory judgment action or some other type proceeding.
This assignment of error is without merit.

CONCLUSION
For reasons stated, we affirm the judgment of the trial court. Costs are taxed to the Department of Insurance through its Commissioner in the amount of six hundred and 54/100 dollars ($600.54).
AFFIRMED.
KUHN, J., concurs.
NOTES
[1] As discussed within, this statute specifically excludes state agencies from the definition of "person" under the LAPA's attempt to preclude agencies from seeking administrative review. See La. R.S. 49:964(A)(1) and (2). The provisions of the LAPA do not determine the status of the Department of Insurance for constitutional purposes or any purpose outside the LAPA. We observe that much confusion in this area results from the several technical and non-technical uses of the word, "person."
[2] See Comment (c), Louisiana Civil Code article 24 regarding the dual personality of the state and its political subdivisions.
[3] Paragraph 2 of the Declaration of Independence (U.S. 1776) states as a self-evident truth that, in order to secure unalienable rights, "Governments are instituted among Men, deriving their just powers from the consent of the governed."
[4] One of the greatest jurists and civil law scholars of the late 19th century, Rudolph von Ihearing, commented as follows: "Whenever the basic idea of right is lost sight ofthe fact that man alone is the sole beneficiary of rightsthere is no stopping the trend toward personification." L'esprit du droit romain, Meulenaere translation, Vol. IV, page 326, quoted in Planiol, Treatise on the Civil Law, Vol. 1, Part 2, § 3018 (1939).