840 So.2d 4 (2003)
CITY OF BATON ROUGE, Parish of East Baton Rouge and the Department of Public Works
v.
Larry BERNARD and the Personnel Board of the City of Baton Rouge, Parish of East Baton Rouge.
No. 2001 CA 2468.
Court of Appeal of Louisiana, First Circuit.
January 22, 2003.
Rehearing Denied March 10, 2003.
*5 Irys L. Allgood, Baton Rouge, Counsel for Plaintiffs/Appellants City of East Baton Rouge, Parish of East Baton Rouge and the Department of Public Works.
Steve H. Benton, Baton Rouge, Counsel for Defendant/Appellee Larry Bernard.
David A. Hamilton, Baton Rouge, Counsel for Defendant/Appellee The Personnel Board of the City of Baton Rouge, Parish of East Baton Rouge.
Before: FITZSIMMONS, KUHN and GAIDRY, JJ.
GAIDRY, J.
This case involves an employment dispute which resulted in the termination of Larry Bernard, an electrician and classified civil service employee of the plaintiff, the City of Baton Rouge, Parish of East Baton Rouge (referred to for convenience hereafter as the "City/Parish"), a consolidated governmental body. Mr. Bernard invoked a hearing before the City/Parish's Personnel Board, which voted to reinstate him in his position. The City/Parish then petitioned the district court for review of the Personnel Board's decision. The district court reviewed the pleadings, evidence, and verbatim transcript of the hearing and upheld the Personnel Board's decision. From that judgment, the City/Parish has instituted the present appeal. For the reasons articulated below, we must dismiss this appeal pursuant to La. C.C.P. art. 2162.

FACTS AND PROCEDURAL HISTORY
On January 31, 2000, Larry Bernard was a classified civil service employee of the City/Parish, and was performing electrical work related to the construction of a small building on the grounds of the East Baton Rouge Parish Prison. Earlier, Mr. Bernard may have received conflicting directions from his immediate supervisor, Scotty Southall, on more than one occasion, prompting changes in the layout of the conduit for electrical wire. On the date at issue, Mr. Southall was instructed to have Mr. Bernard again move conduit already in place. Mr. Southall relayed those instructions to Mr. Bernard, but was met with a lack of response. Mr. Southall then repeated the instructions and demanded acknowledgment that they were understood. Mr. Bernard suddenly lost his temper, approached his supervisor, and loudly berated him.
Following the incident, Mr. Southall met with his superior, Larry Nicholas. They concluded that there was reasonable suspicion of drug use by Mr. Bernard which might account for Mr. Bernard's behavior, and completed the required written form documenting the facts underlying their suspicion. They met with and advised Mr. Bernard that he would be required to undergo drug testing under the provisions of City/Parish Ordinance 9877.[1] Mr. Bernard refused to submit to the testing, and was instructed to leave the premises. Following that meeting, Mr. Nicholas initiated the required procedure to convene a pre-termination hearing, sending notice to Mr. Bernard by certified mail.
Following the pre-termination hearing with his supervisors, Mr. Bernard was formally terminated effective March 4, 2000. He subsequently instituted an administrative appeal of his termination to the City/Parish's Personnel Board, which held an evidentiary hearing on June 22, 2000.
*6 At the conclusion of the hearing, the Personnel Board voted 3-1 in favor of Mr. Bernard's reinstatement.[2] The City/Parish thereupon sought review of the Board's decision by filing a "Petition for Judicial Review of a Personnel Board Decision and for Suspensive Appeal [sic ]" in the district court. The trial was held on May 21, 2001. No new testimony was submitted, and the evidence was limited to that presented at the prior hearing. On June 29, 2001, the district court signed its written judgment, upholding and confirming the Personnel Board's decision. On September 21, 2001, the district court signed an order granting the City/Parish a devolutive appeal.

DISCUSSION
It is well settled that an individual's right of judicial review of administrative proceedings is presumed to exist. Loop, Inc. v. Collector of Revenue, 523 So.2d 201, 202 (La.1987). Under the Louisiana Constitution of 1974, a district court reviewing an administrative tribunal decision pursuant to statute should properly be considered to being doing so under a legislative grant of appellate jurisdiction. Id. at 203 n. 1.
In this case, no specific statute vests the district court with appellate jurisdiction to review the Board's decision.[3] Even in the absence of such a statute, however, a party may have a right under La. Const. Art. I, § 19 or § 22 to judicial review of administrative decisions adversely affecting his rights. See Walker v. Stewards of Jefferson Downs Race Track, 615 So.2d 403, 404 (La.App. 4th Cir.1993).
Here, both parties in brief cite La. Const. Art. V, § 10 as the basis of this court's appellate jurisdiction. This provision grants a court of appeal appellate jurisdiction over "all civil matters." A court's subject matter jurisdiction may not be conferred by consent, however. La. C.C.P. art. 3. It is the duty of the court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. McGehee v. City/Parish of East Baton Rouge, 00-1058, p. 3 (La. App. 1st Cir.9/12/01), 809 So.2d 258, 260.
In Moore v. Roemer, 567 So.2d 75, 79-81 (La.1990), our Supreme Court held that the term "civil matters" as used in La. Const. Art. V, § 16 indicated an intent by its drafters to include within its meaning "all matters not criminal in nature," or matters of "private law," involving the adjudication of disputes between private, non-governmental parties, as opposed to public law. Additionally, the court observed that under the Constitution "matters under the original jurisdiction of administrative bodies are civil matters which would otherwise come under the original jurisdiction of the district court." Id. at 79. Arguably, therefore, the City/Parish's cause of action would fall within the grant *7 of appellate court jurisdiction under La. Const. art. V, § 10.
Because it is the City/Parish who attempts to appeal the decision of the Personnel Board, the issue of whether an employee of the City/Parish classified civil service has a right to appeal a decision of the Personnel Board is not before us.
The City/Parish is a juridical person, not a natural person. See La. C.C. art. 24. As such, its capacity "is governed by provisions in its charter, governing legislation, and customs." See La. C.C. art. 24 and Comment (d).[4] A juridical person, as a creature of the law and by definition, has no more legal capacity than the law allows.
The City/Parish operates under a home rule charter. The City/Parish has by its own charter limited its recourse as a juridical entity from adverse decisions of its own Personnel Board.[5] The limitation so imposed upon its rights does not violate due process of law under the Louisiana Constitution. Neither the district court nor this court has subject matter jurisdiction over this case. The judgment of the district court is void. La. C.C.P. art. 3. This appeal is dismissed pursuant to La. C.C.P. art. 2162.
APPEAL DISMISSED.
NOTES
[1] Pursuant to the authority of La. R.S. 49:1015, the City/Parish enacted Ordinance 9877 on April 27, 1994.
[2] The transcript of the hearing shows that only four of the five Personnel Board members were present, and that Mr. Bernard expressly waived any potential objection to the lack of a full Board on "due process" grounds. Neither the record nor the parties' briefs suggest why the final vote should be considered 3-2, as claimed by the City/Parish, rather than 3-1. However, this discrepancy was not raised as an issue on appeal by either party.
[3] The Louisiana Administrative Procedures Act, La. R.S. 49:965 et seq., cannot apply to vest the district court with jurisdiction to review the administrative decision, as it does not apply to an agency of a political subdivision, such as the City/Parish. See La. R.S. 49:951(2) and La. Const. Art. VI, § 44(2). Likewise, La. Const. Art. X, § 12, vesting original appellate jurisdiction from decisions of the State and City Civil Service Commissions in the Courts of Appeal, cannot apply here. La. Const. Art. X, § 1.
[4] Even if the funds with which it pays its civil service employee or its public fisc in general, are considered "private" property under La. C.C. art. 453, its rights in that regard are still limited by its legal capacity.
[5] Parish of East Baton Rouge and City of Baton Rouge Plan of Government, Chapter 9, § 9.05.