923 So.2d 166 (2005)
CITY OF BATON ROUGE, Parish of East Baton Rouge and the Department of Public Works
v.
Anthony DOUGLAS and the Personnel Board of the City of Baton Rouge, Parish of East Baton Rouge.
No. 2004 CA 1448.
Court of Appeal of Louisiana, First Circuit.
December 29, 2005.
Dissenting Opinion January 13, 2006.
Rehearing Denied February 22, 2006.
Irys L. Allgood, Baton Rouge, for Plaintiffs/Appellants, City of Baton Rouge, Parish of East Baton Rouge and Department of Public Works.
Annette Bookter, Baton Rouge, for Defendant/Appellee, Personnel Board of the City of Baton Rouge, Parish of East Baton Rouge.
Edward J. Walters, Jr., Baton Rouge, for Defendant/Appellee Anthony Douglas.
CARTER, C.J., WHIPPLE, PARRO, KUHN, GUIDRY, PETTIGREW, DOWNING, GAIDRY, MCDONALD, MCCLENDON, HUGHES, and WELCH, JJ.
Dissenting Opinion of Judge Kuhn, January 13, 2006.
*167 CARTER, C.J.
This is an appeal from a judgment of the district court ordering the Department of Public Works (DPW) for the City of Baton Rouge, Parish of East Baton Rouge (City/Parish), to reinstate Anthony Douglas's employment. This court has considered the matter en banc to resolve a direct conflict of two prior opinions of this court.

DISCUSSION
Anthony Douglas was terminated from his employment with DPW in 1999. Douglas appealed his termination to the Personnel Board. After a hearing, the Board members could not agree on an appropriate punishment. Because there were not enough votes to impose either penalty considered, the Board ruled that Douglas would be reinstated to his DPW position effective September 30, 1999.
The City/Parish appealed the Board's decision to the Nineteenth Judicial District Court, which affirmed the Board's decision. The City/Parish then appealed to this court. In an unpublished decision, this court reversed the district court's judgment and reinstated DPW's termination of Douglas. City of Baton Rouge v. Douglas, 00-1736 (La.App. 1 Cir. 9/28/01), 800 So.2d 448 (unpublished) (Douglas I). The Louisiana Supreme Court denied Douglas's subsequent application for a writ of certiorari. City of Baton Rouge v. Douglas, 01-2806 (La.11/9/01), 801 So.2d 1066.
Approximately eighteen months after this court rendered its unpublished decision in Douglas I, a different panel of this court considered and decided the case of City of Baton Rouge v. Bernard, 01-2468 (La.App. 1 Cir. 1/22/03), 840 So.2d 4. As was the case in Douglas I, Bernard involved an appeal of a Personnel Board decision taken by the City/Parish. In Douglas I, this court did not specifically address the issue of subject matter jurisdiction, although subject matter jurisdiction was presumed. However, in Bernard, the court did address the issue and concluded that the City/Parish has by its own charter limited its recourse as a juridical entity from adverse decisions of its own Personnel Board. Therefore, the court held, neither the district court nor this court has subject matter jurisdiction over appeals taken from the Personnel Board by the City/Parish. Bernard, 840 So.2d at 7. The Louisiana Supreme Court denied the City/Parish's application for a writ of certiorari. City of Baton Rouge v. Bernard, 03-1005 (La.6/27/03), 847 So.2d 1278.
In April 2003, Douglas petitioned the district court, in the same suit record as the prior appeal taken by the City/Parish from the decision of the Personnel Board, for a writ of mandamus ordering DPW to reinstate his employment. Douglas contended that pursuant to this court's later decision in Bernard, the district court and this court lacked subject matter jurisdiction over the appeal the City/Parish had taken in his case and therefore the ensuing court decisions are null and void. The City/Parish excepted to the petition, raising various objections, including res judicata. After consideration, the district court overruled the exceptions urged by the City/Parish and issued the writ of mandamus ordering that Douglas be returned to his employment with DPW pursuant to the decision of the Personnel Board from which the original appeal was taken. The City/Parish now appeals.
It is apparent that this case concerns the direct conflict of two prior opinions of this court: City of Baton Rouge v. Douglas, 00-1736 (La.App. 1 Cir. 9/28/01), 800 So.2d 448 (unpublished) (Douglas I); and City of Baton Rouge v. Bernard, 01-2468 (La.App. 1 Cir. 1/22/03), 840 So.2d 4. To resolve the conflict between Douglas I and *168 Bernard, we hereby expressly overrule Douglas I. See Walker v. Bossier Medical Center, 04-1780 (La.2/25/05), 894 So.2d 1095 (per curiam); Walker v. Bossier Medical Center, 04-1797 (La.2/25/05), 894 So.2d 1096 (per curiam). In light of our decision to overrule Douglas I, we hereby affirm the result reached by the trial court.

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. Costs of these proceedings in the amount of $544.13 are assessed to the City of Baton Rouge, Parish of East Baton Rouge and Department of Public Works.
AFFIRMED.
GUIDRY, J., concurs in the result.
KUHN, J., dissents and will assign reasons.
MCDONALD, J., concurs believing the City has no right of action.
PETTIGREW, J., concurs and assigns reasons.
MCCLENDON, J., concurs.
HUGHES, J., dissents.
PARRO, J., concurs and assigns reasons.
PETTIGREW, J., concurring.
I respectfully concur with the majority opinion. However, I do point out that even though acquiescence (under La.Code Civ. P. art. 2003) and prescription were not factual or legal issues raised in this case, they very well could be issues to be considered by other courts presented with cases similar to this one.
PARRO, J., concurring.
I write in order to clarify this court's decision in this case with a discussion of Wooley v. State Farm Fire and Cas. Ins. Co., 04-882 (La.1/19/05), 893 So.2d 746, in which the supreme court addressed a similar issue in the context of the Louisiana Insurance Commissioner's right to seek judicial review of the decision of an administrative law judge (ALJ) and the court's jurisdiction over such appeals. The Commissioner had disapproved a form that State Farm proposed to use, on the basis that it did not comply with the requirements of Louisiana law. After an adjudicatory hearing, an ALJ disagreed, finding that the form complied in wording and meaning with the applicable law and approving it for use by State Farm. The Commissioner sought judicial review of this decision in the district court. Citing two statutes[1] denying to agencies and their officials the right to petition for judicial review of an ALJ decision, State Farm filed a peremptory exception raising the objection of no right of action. The district court granted the exception and dismissed the petition for judicial review. This court affirmed the judgment, and the supreme court denied the Commissioner's application for a writ of certiorari. Brown v. State Farm Fire & Cas. Co., 00-0539 (La.App. 1st Cir.6/22/01), 804 So.2d 41, writ denied, 01-2504 (La.12/7/01), 803 So.2d 37.
Thereafter, the Commissioner filed a petition for declaratory judgment, urging that the two statutes were unconstitutional on various grounds. The district court agreed, concluding that the statutes were unconstitutional; its judgment to this effect was appealed directly to the supreme court. The supreme court carefully examined all of the commissioner's arguments *169 and determined that the statutes were not unconstitutional, stating:
We see no constitutional impediment to the legislature's decision to deny such an appeal right to the Commissioner.... Instead of viewing the Commissioner's lack of a right to appeal the ALJ's adverse decision as a usurpation of judicial power, we view it as a lack of procedural capacity on the part of the Commissioner.
Wooley, 893 So.2d at 769-70.
The supreme court also addressed the effect of this court's judgment in the first round of litigation concerning this issue, noting that:
The final judgment ... [In Brown, 804 So.2d 41] was that the Commissioner had no right to appeal the decision and order of the ALJ; consequently, the court of appeal itself had no appellate jurisdiction because the district court had none. The court of appeal had no jurisdiction for the purpose of determining the merits of the parties' arguments outside of those relating to the courts' appellate jurisdiction.
Wooley, 893 So.2d at 771 (citations omitted).
Like the statutes prohibiting any agency from seeking judicial review of an ALJ's decision that controlled the result in the Brown and Wooley cases, the home rule charter of the City/Parish in this case has limited its right to seek judicial review of the decisions of its own Personnel Board. Therefore, like the Commissioner in Brown and Wooley, the City/Parish had no right of action and, as a consequence, neither the district court nor this court had appellate jurisdiction to review the merits of the Personnel Board's decision to reinstate Douglas.[2] Therefore, the result reached by the majority in this case is correct, and I respectfully concur.
KUHN, J., dissenting.
Although I believe that the City of Baton Rouge, Parish of East Baton Rouge (City/Parish) has "by its own charter limited its recourse as a juridical entity from adverse decisions of its own Personnel Board," see City of Baton Rouge v. Bernard, 2001-2468, p. 5 (La.App. 1st Cir.1/22/03), 840 So.2d 4, 7, writ denied, XXXX-XXXX (La.6/27/03), 847 So.2d 1278, I disagree with the issuance of the writ of mandamus to affect a retroactive application to the holding of the Bernard decision in this case.
The trial court was presented with a petition seeking a writ of mandamus. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. art. 3863. But a mandamus may not issue to compel performance of an act which contains any element of discretion, however slight. Wiginton v. Tangipahoa Parish Council, XXXX-XXXX, p. 3 (La.App. 1st Cir.6/29/01), 790 So.2d 160, 163, writ denied, 2001-2541 (La.12/7/01), 803 So.2d 971. Mandamus is an extraordinary remedy which is used sparingly by the courts to compel something that is clearly provided by law, and only where it is the sole available remedy or where the delay occasioned by the use of any other remedy would cause an injustice. Id., XXXX-XXXX at p. 3, 790 So.2d at 162-63.
Because the district court did not have subject matter jurisdiction to entertain the City's appeal of the Board's decision in favor of Douglas, the subsequently-rendered judgment, which this court reviewed *170 in City of Baton Rouge v. Douglas, XXXX-XXXX (La.App. 1st Cir.9/28/01), 800 So.2d 448 (an unpublished opinion), was null and void. Although a null and void judgment may be collaterally attacked in any proceeding at any time, see Miles v. OLOL Regional Medical Center, 2001-2272 (La. App. 1st Cir.10/2/02), 836 So.2d 136, I believe the trial court erred in issuing the mandamus because the act that Douglas seeks to performan application of the holding of Bernard to his judgment for which all appeals had been expended contains an element of discretion. Specifically, the trial court was required to utilize a discretionary analysis to determine whether the Bernard decision warranted a retroactive application in Douglas's case. Thus, the compulsion that Douglas seeks by his mandamus lawsuit is not a "ministerial duty required by law."
In Willis-Knighton Medical Center v. Caddo Shreveport Sales and Use Tax Com'n, XXXX-XXXX (La.4/1/05), 903 So.2d 1071, 1107 (per curiam), the Louisiana Supreme Court set forth the following criteria for determining whether a judicial decision should be accorded prospective effect only: (1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective application will further or retard its operation; and (3) the inequity imposed by retroactive application must be weighed.
Under this analysis, it is evident that application of a retroactive effect to the final judgment rendered in Bernard is not warranted. As the City/Parish notes in its brief, it has relied on the clear past precedent that it could appeal decisions from the Personnel Board and, indeed, has done so. The City/Parish also points out the inequitable effect (reinstatement of employees) retroactive application will have on the City Civil Service.
A mandamus is clearly not the only remedy available to Douglas to assert his entitlement to the relief he seeks. Nothing precluded Douglas from filing a declaratory suit, wherein the trial court could consider whether the Bernard decision should be given retroactive application.
For these reasons, I dissent.
NOTES
[1] See LSA-R.S. 49:964(A)(2) and LSA-R.S. 49:992(B)(3).
[2] I further note, however, that in Wooley, the supreme court recognized that the Commissioner might be entitled to a declaratory judgment, since the dispute was in a regulatory context and involved a purely legal question. Wooley, 893 So.2d at 772.