PARRO, J.
| {¡The City of Baton Rouge, Parish of East Baton Rouge (City/Parish) appeals a judgment rendered on judicial review, affirming the decision of the Personnel Board for the City/Parish (Personnel Board) to reinstate Jennifer Bethley’s employment with the Department of Baton Rouge City Court (City Court). For lack of appellate jurisdiction in the district court, we dismiss the appeal.
*536 FACTUAL AND PROCEDURAL BACKGROUND
Jennifer Bethley had been a classified civil service employee of the City/Parish since June 1994. On August 9, 2007, while serving as the Chief Deputy Clerk of City Court, in which position she was the second in command of the City Court’s Criminal Traffic Division, Ms. Bethley went on family medical leave (FMLA) in order to have back surgery. The FMLA leave was exhausted October 26, 2007, but she had not yet been released by her doctor to return to work. Therefore, she wrote to the City Court Administrator, Lon Norris, advising him that her next doctor’s appointment was November 28, 2007, and requesting additional leave time. She was not eligible for additional paid leave under FMLA, but he allowed her to use accrued sick leave, compensatory time, and accrued vacation time to extend her period of paid leave through November 28, 2007. When she was not discharged from her doctor’s care at that time, she again contacted her employer and was advised to apply for a leave of absence without pay.
Accordingly, Ms. Bethley submitted a request to the City/Parish’s Human Resources Department, requesting a leave of absence without pay for approximately one year. Mr. Norris was contacted, and recommended that the leave request be denied for three reasons. First, Ms. Bethley supervised a large staff in the Criminal Traffic Division, particularly the counter staff, which required daily contact with those employees; second, she supervised the disposition section and jail call-out, which also required constant staff contact and was a strenuous job involving considerable movement, such that her medical condition would diminish her physical ability to continue in that position; and third, her continued absence would be a hardship on the staff, because he wanted a leader in that position. Mr. Norris also noted that the City [,.¡Court was in the process of implementing a new case management procedure, and her absence would make that process more difficult. Ms. Bethley’s request for a year’s leave without pay did not contain her treating physician’s certification of a date by which she could return to work. Rather, the certification stated that the time required for leave was indefinite.
Having learned that a leave request could not be approved without a doctor’s certification of a date for her return to work, Ms. Bethley then amended her leave request, seeking six months’ leave without pay, because her doctor had indicated she needed additional surgery and had advised her that it would take six months to a year to recover from the second procedure. She obtained and submitted a new certification from her doctor, indicating that her return-to-work date would depend on her recovery and estimating it could be six months before she was able to return to work full time. The City/Parish’s Human Resources Department approved a six-month leave of absence without pay. This period expired on June 17, 2008.[1]
Ms. Bethley did not return to work after her leave expired, because she was still recuperating from the second back surgery. According to the rules governing classified civil service employees, as an employee with more than five years of continuous service, she was eligible for a total of twelve months’ leave of absence without pay. Therefore, she requested an extension of her leave for an additional six months, accompanying that request with a certification from her doctor. Mr. Norris again expressed his opposition, and this time the Human Resources Department *537 acquiesced to his position and denied her a further leave of absence. Mr. Norris then notified her in writing that, since she was not eligible for FMLA, was not approved for any further leave of absence without pay, had no other leave that could be provided, and had not returned to work on the day after her leave expired, she was considered as having resigned from her position with the City Court, pursuant to the rules governing classified civil service employees.
|4Ms. Bethley appealed this decision to the Personnel Board. A hearing was held on November 13, 2008; however, two board members were absent. The hearing was recorded by audio and video and viewed by the absent board members. Closing arguments and a decision were delayed until December 18, 2008, at which time all five board members were present. At the hearing, a motion was made and seconded to uphold the City/Parish’s action; the motion failed. A motion was then made to reinstate Ms. Bethley to her former position, which passed by a vote of three to two.
On February 17, 2009, the City/Parish filed a petition for judicial review and for suspensive appeal in the Nineteenth Judicial District Court (19th JDC), alleging that the decision of the Personnel Board was arbitrary, capricious, and a violation of law. Ms. Bethley and the Personnel Board were named as defendants. The City/Parish based its right to judicial review or suspensive appeal on certain provisions of the Plan of Government of the City/Parish. It contended the Personnel Board was arbitrary and capricious, because the evidence showed Ms. Bethley did not return to work at the expiration of her approved leave of absence; that her failure to return to work adversely affected the efficiency of the classified service by placing a hardship on her department; and that she was properly removed from her job for cause. The City/Parish also stated that it had the authority to deny, and did properly deny, her request for an additional leave of absence without pay. On March 2, 2009, the district court signed an order allowing the City/Parish to appeal the decision of the Personnel Board, but scratched through the work “suspensively” in the order.
At this point Ms. Bethley, who had been proceeding pro se, obtained legal counsel and filed an answer to the City/Parish’s petition. She denied that the City/Parish’s rules governing employees in the classified civil service were followed, and further denied that the Plan of Government granted the City/Parish the right to seek a suspensive appeal from the Personnel Board’s decision. She also averred that the Personnel Board’s decision was fully supported by the administrative record and was not manifestly erroneous.
After reviewing all the evidence and the transcript from the hearing before the Personnel Board, the district court affirmed the decision of the Personnel Board and | -,ordered the City/Parish to immediately reinstate Ms. Bethley to her position of employment, retroactive to December 18, 2008. A judgment to this effect was signed August 26, 2009. The City/Parish then filed a motion and order for suspen-sive appeal to this court, which was granted on September 20, 2009.
The City/Parish contends the district court erred in affirming the decision of the Personnel Board, for three reasons. First, it argues that the Personnel Board erred by ordering Ms. Bethley reinstated to her position, because the City/Parish had borne its burden of proving legal cause for her dismissal. Second, it claims the Personnel Board based its decision in Ms. Bethley’s appeal on its own opinion regarding how Ms. Bethley’s situation should *538 have been handled, rather than applying the governing rules to the facts of the case. Third, it urges that the district court erred in failing to find that the Personnel Board abused its discretion in reversing the action of the City/Parish.
ANALYSIS
A number of recent cases have focused this court’s attention on the issue of subject matter jurisdiction over appeals from decisions of administrative bodies. This court has a duty to examine subject matter jurisdiction on its own motion, even when the issue is not raised by the litigants. Monterrey Center, LLC v. Education Partners, Inc., 08-0734 (La.App. 1st Cir.12/23/08), 5 So.3d 225, 228-29. A district court is vested with appellate jurisdiction to review administrative action as provided by law. See LSA-Const. art. V, § 16(B); Loop, Inc. v. Collector of Revenue, 523 So.2d 201, 203 (La.1987). Examination of this issue requires this court to identify the source of the district court’s subject matter jurisdiction over the appeal of each such case.
This case involves an attempt to appeal a decision of the Personnel Board to the 19th JDC under the provisions of the Plan of Government of the City/Parish, Chapter 9, Personnel, Section 9.05, which states, in pertinent part:
No member of the Classified Service shall be suspended for more than thirty days, reduced in rank or pay, or removed, except after notice in writing of the grounds of the proposed disciplinary action and an opportunity to be heard thereon by the Personnel Board at a hearing which may be public at his option, and at which he may be represented by counsel, to be held not less than ten nor more than sixty days after the service of such notice at a time to be specified therein. The decision of the Personnel Board either sustaining, reversing or modifying the disciplinary action against a Classified Service member may be 1 ^appealed by such Classified Service member or the applicable department head to the Nineteenth Judicial District Court within sixty (60) calendar days from the appealing party’s receipt of notice of the Personnel Board’s decision. (Emphasis added).
First, it is clear from the record in this matter that Ms. Bethley’s involuntary resignation was not the result of a disciplinary action. Rather, it was simply the application of Rule IX, Section 6(E) of the City/Parish Personnel Rules, which states:
When an employee does not return to work at the expiration of the time period set forth in (A) or (B) herein and is not on approved family/medical leave, he or she shall be considered as having resigned his or her position.
Because there was no disciplinary action involved, Section 9.05 does not authorize an appeal to the 19th JDC.[2]
Additionally, there is no constitutional or statutory authority conferring the authority to hear such an appeal on the 19th JDC. The 1974 Louisiana Constitution, as amended, provides that “[a] district court shall have appellate jurisdiction as provided by law.” LSA-Const. art. V, § 16(B). Louisiana Constitution Article X, § 12, vesting original appellate jurisdiction from *539 decisions of the State and City Civil Service Commissions in the courts of appeal, does not apply, since this case involves an appeal to the district court and is not an appeal from a city civil service commission. See LSA-Const. art. X, § 1(B). A governmental agency that does not have a constitutionally guaranteed right of judicial review necessarily must rely upon and comply with statutory provisions for such review. Loop, 523 So.2d at 202. Consequently, a governmental agency seeking judicial review of administrative action in a district court must establish that there is a statute that gives subject matter jurisdiction to that court. Id. In this case, no specific statute passed by the Louisiana legislature vests the 19th JDC with appellate jurisdiction to review the Personnel Board’s decision. The Louisiana Administrative Procedure Act, LSA-R.S. 49:950 et seq., does not apply to an agency or department of a political subdivision, such as the City/Parish. See LSA-R.S. 49:951(2) and LSA-Const. art. VI, § 44(2). The City/Parish operates under a home rule charter, Land has, in Section 9.05 of its Plan of Government, limited its recourse as a juridical entity from adverse decisions of its own Personnel Board.[3] See City of Baton Rouge v. Douglas, 04-1448 (La.App. 1st Cir.12/29/05), 923 So.2d 166, 167 (en banc), writ denied, 06-0675 (La.6/2/06), 929 So.2d 1254; City of Baton Rouge v. Bernard, 01-2468 (La.App. 1st Cir.1/22/03), 840 So.2d 4, 6, writ denied, 03-1005 (La.6/27/03), 847 So.2d 1278.[4] While we question whether, in the absence of a statute enacted by the Louisiana legislature, the provisions of a home rule charter or plan of government passed by a municipal entity can confer appellate jurisdiction on a district court, the record in this case shows that the provisions of Section 9.05 of the City/Parish’s Plan of Government were not met in this case. As previously noted, since no disciplinary action was involved, the 19th JDC lacked appellate jurisdiction over this matter. Furthermore, because the 19th JDC’s judgment was void for lack of jurisdiction, this court, having nothing to review, is required to dismiss the appeal without reaching the merits of the case. See Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 01-0185 (La.10/16/01), 797 So.2d 656, 663.[5]
Under the circumstances of this case, in which neither the district court nor this court has appellate jurisdiction, this court must dismiss the appeal. See LSA-C.C.P. art. 2162.
*540 ^CONCLUSION
For the above reasons, the appeal is dismissed. All costs of this appeal, in the amount of $1,583.94, are assessed to the City/Parish.
APPEAL DISMISSED.
PETTIGREW, J., concurs and assigns reasons.
GUIDRY, J., concurs in the result.
McDONALD, J., dissents and believes both courts have jurisdiction.

. Her position had been filled conditionally by another employee since February 2008.

. We note also that even if Section 9.05 were interpreted to allow an appeal, that appeal could only be taken by the classified service member, which in this case is Ms. Bethley, or by the applicable department head, which in this case is Lon Norris. The appeal to the 19th JDC was not taken by either of those parties, and nothing in Section 9.05 permits or authorizes the City/Parish or the Department of Baton Rouge City Court to appeal a Personnel Board decision.

. This home rule charter was granted under provisions of the .Louisiana Constitution of 1921. Home rule charters in effect when the Louisiana Constitution of 1974 was ratified remained in effect by virtue of Article VI, § 4 of the 1974 Constitution. The Parish of East Baton Rouge and the City of Baton Rouge adopted a Plan of Government, which became effective January 1, 1949. That Plan of Government has been amended numerous times, most recently on October 20, 2007. See http://brgov.com/plan/. Although the Plan of Government has not been filed in the record, this court may take judicial notice of its provisions under the authority of LSA-R.S. 13:3712(B). Tull v. City of Baton Rouge, 385 So.2d 343, 345 (La.App. 1st Cir.), writ denied, 392 So.2d 663 (La.1980).

. Perhaps in response to the Bernard and Douglas decisions, the City/Parish’s Plan of Government was amended October 20, 2007, to allow either the classified service member or the applicable department head to appeal certain decisions of the Personnel Board. However, as previously noted, this appeal did not involve a disciplinary matter and was not filed by either the classified service member or the applicable department head.

. Nor can this court exercise its supervisory jurisdiction in a matter over which the district court had no jurisdiction. See Metro Riverboat, 797 So.2d at 663.