NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1699

CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE
AND THE DEPARTMENT OF PUBLIC WORKS

VERSUS

ANTHONY W. DOUGLAS AND THE PERSONNEL BOARD
OF THE CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE

*Consolidated with*

2019 CA 1700

ANTHONY W. DOUGLAS

VERSUS

CITY OF BATON ROUGE, PARISH OF EAST BATON ROUGE
AND THE DEPARTMENT OF PUBLIC WORKS

Decision Rendered:  **DEC 2 1 2020**

* * * * * * *

APPEALED FROM THE
19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBERS 466,636 & 576,529

HONORABLE RICHARD "CHIP" MOORE, JUDGE

* * * * * * * *


Anthony Douglas                                  Pro Se Appellant
Baton Rouge, Louisiana

Anderson "Andy" Dotson                           Attorneys for Appellees, City of
Parish Attorney                                  Baton Rouge/Parish of East Baton
Gwendolyn K. Brown                               Rouge and the Department of
Sr. Special Asst. Parish Attorney                Public Works
Candace B. Ford
Asst. Parish Attorney
Baton Rouge, Louisiana


**BEFORE:  McDONALD, HOLDRIDGE, and PENZATO, JJ.**

*Penzato, J., concurs*

*Holdridge J.  concurs*

**McDONALD, J.**

This is the seventh appeal[1] in this employment dispute between Anthony Douglas, the appellant, and the City of Baton Rouge/Parish of East Baton Rouge Department of Public Works (City-Parish), the appellee. We will not again repeat the facts and procedural history here. For the following reasons, we dismiss the appeal.

**SUBJECT MATTER JURISDICTION**

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. As an appellate court, we cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. La. C.C.P. arts. 1841 & 2083A; *Aurora Loan Services LLC v. Glass,* 17-1760 (La. App. 1 Cir. 12/6/18), 2018 WL 6381915 *2. A valid judgment must be precise, definite, and certain; must contain decretal language disposing of or dismissing the claims in the case; and, must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the judgment's language without reference to other documents in the record. *Lehman v. Benasco,* 19-0779 (La. App. 1 Cir. 2/26/20), 2020 WL 913508 *2; *Mizell v. Willis,* 19-0141 (La. App. 1 Cir. 11/15/19), 290 So.3d 247, 250.

The August 7, 2019 judgment from which Mr. Douglas appeals herein, *inter alia:* (1) grants the City-Parish's exception of res judicata and (2) denies Mr. Douglas's "petition to annul judgment." But, the appealed judgment does not expressly dismiss Mr. Douglas's claims nor does it identify the specific judgment Mr. Douglas's petition seeks to annul. Although Mr. Douglas's petition states that he seeks to annul an April 30, 2007 judgment, the August 7, 2019 judgment from which he appeals, and which

---

[1] The previous appeals are: *City of Baton Rouge v. Douglas* (*Douglas I*), 00-1736 (La. App. 1 Cir. 9/28/01), 800 So.2d 448, *writ denied,* 01-2806 (La. 11/9/01), 801 So.2d 1066, *overruled by City of Baton Rouge v. Douglas* (*Douglas II*), 04-1448 (La. App. 1 Cir. 12/29/05), 923 So.2d 166 *(en banc),* *writ denied,* 06-0675 (La. 6/2/06), 929 So.2d 1254, *enforcement denied,* 06-0675 (La. 11/4/11), 75 So.3d 912, *writs denied,* 11-0328 (La. 4/1/11), 60 So.3d 1255, 06-0675 (La. 12/16/11), 76 So.3d 1189; *City of Baton Rouge v. Douglas* (*Douglas III*), 07-1153 (La. App. 1 Cir. 2/8/08), 984 So.2d 746, *writ denied,* 08-0939 (La. 6/20/08), 983 So.2d 1284; *City of Baton Rouge v. Douglas* (*Douglas IV*), 11-2061, 11-2062 (La. App. 1 Cir. 6/8/12), 2012 WL 2061419, *writ denied,* 12-1575 (La. 10/12/12), 98 So.3d 875; *City of Baton Rouge v. Douglas* (*Douglas V*), 16-0655 (La. App. 1 Cir. 4/12/17), 218 So.3d 158; and *City of Baton Rouge v. Douglas (Douglas VI),* 18-0247 (La. App. 1 Cir. 9/21/18), 2018 WL 4520092.

denies his petition, does not specify such; and, reference to other documents in the record to determine such is not allowed. *Mizell,* 290 So.3d at 250. Without an express dismissal of Mr. Douglas's claims, or a denial or dismissal of Mr. Douglas's petition to annul a specifically-identified judgment, we conclude the April 7, 2019 judgment is not a valid, final appealable judgment, because it is not precise, definite, and certain. Thus, this court lacks subject matter jurisdiction to review this matter, and we must dismiss this appeal. *See Lehman,* 2020 WL 913508 at *2.

## CONCLUSION

For the above reasons, we dismiss Anthony Douglas's appeal of the August 7, 2019 judgment and assess all appeal costs to him.

**APPEAL DISMISSED.**