JUDE G. GRAVOIS, Judge.

^INTRODUCTION

. This appeal concerns a ruling from the City of Kenner Civil Service Board (“the Board”), denying plaintiff, Joseph Met-zler’s, appeal of the Board’s August 26, 2016 ruling that the Board lacked jurisdiction to consider Mr. Metzler’s appeal to the Board. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Mr. Metzler was employed by the City of Kenner (“the City”) as an electrical inspector. When he was originally hired in 2007, Mr. Metzler’s employment was part-time; he became a full-time employee in November of 2011. On March 25, 2014, Mr. Metzler was terminated from employment with the City for alleged misconduct involving a City vehicle. He timely filed an appeal of his termination with the Board, as provided in Section 2.04(A) of the City of Kenner Civil Service Rules (“the Rules”). After a hearing that spanned four days, the Board overturned Mr. Metzler’s termination in an Order dated October 20, 2014. This Order stated, in pertinent part:
Accordingly, it is ordered that this .appeal be, and same is hereby, granted. Disciplinary action against Appellant [Mr. Metzler] is | ¡¡overturned and seniority and back pay awarded. Per Civil Service Rule II, Section 2.09(B), in' cases in which back pay is awarded, : the appellant shall be required to file with the Finance Director a notarized statement of all monies earned by appellant during the period of absence from the City payroll, and such earnings shall be deducted in computing the amount of the back pay award.
(Emphasis in the original.)
Pursuant to said Order, Mr. Metzler submitted to the City an affidavit dated October 29, 2014, and. a supplemental affidavit dated November 4, 2014, attesting to the earnings that. he had received from other sources during the period of his absence from employment with the City. The affidavits established. that while he was employed by the City, Mr. Metzler held two part-time jobs in addition to his job with the City. These part-time jobs continued during the period of Mr. Met-zler’s absence from employment with the City. The affidavits and supporting documentation submitted by Mr. Metzler established that while he was separated from employment with the City, he earned $5,838.00 as a part-time electrical inspector with the City of Gretna, and $29,145.00 as a bookkeeper with Metzler Electric Company. Mr. Metzler further attested that “[h]e did not earn any income during his period of separation that he would have been unable to earn had he remained continuously employed by the [City],” and that “[t]here [were] no interim wages to be deducted in computing the back wages to which he [was] entitled.”
On March .16, 2015, after Mr. Metzler submitted his affidavits and supporting documentation, Wendy V. Lorenz, Director of Civil Service for the City, sent a letter to Mr. Metzler’s attorney wherein she stated:
I am writing to inform you of the decision reached by the Civil Service Board regarding the back payment award for Mr. Joseph Metzler with respect to [Mr. Metzler’s] appeal. After reviewing all *636 the documents submitted, the Board determined that a strict interpretation of the Civil Service Rules was to apply in this case. Therefore, the amount of any | ¿monies earned by Mr. Metzler, will be deducted from his back payment award, in accordance with Civil Service Rule II, Section 2.09(B),-
The Administration has informed me that they are in the process of computing the award and will advise you once a final amount has' been determined.
Thereafter,. in a letter to Mr. Metzler’s attorney dated April 8, 2015, the City’s Finance Director, Duke McConnell, notified Mr. Metzler that pursuant to Section 2.09(B) of tlie Rules, the City did not owe him any back wages because while he was absent from the City’s payroll, he had earned $34,983.00 from “other sources” (ie., the City of Gretna and Metzler Electric Company), while during this period he would have only earned $25,747.76 with the City. On April 29, 2015, Mr. Metzler filed a petition for appeal to the Board of Mr. McConnell’s April 8, 2015 letter, arguing that Mr. McConnell’s actions and, interpretation of Section 2.09(B) of the Rules was “unprecedented,” and that Mr.’ McConnell’s actions were “tantamount to a suspension without pay, even though the Board’s decision was favorable to [Mr. Metzler].” \
In response, on April 30, 2015, the City filed a motion to dismiss Mr. Metzler’s appeal to the Board, contending that Mr. McConnell “merely calculated'the amounts due to/from the City and/or Mr. Metzler,” and that an appeal of such action was “not within the Board’s jurisdiction and should be dismissed.”
In opposition to the City’s- motion to dismiss, Mr. Metzler argued the merits of his appeal, asserting that Mr. McConnell’s construction and application of Section 2.09(B) of the Rules “leads to absurd consequences,” since the purpose of an award of back pay under La. R.S. 49:113 “is simply to put the employee in the same position he would have been in had he not been illegally terminated,” citing Ceaser v. State Dep’t of Public Safety & Corrections, 583 So.2d 145, 147 (La.App. 1st Cir.1991).
|f¡In reply to Mr. Metzler’s opposition to the City’s motion to dismiss, the City asserted that Mr. McConnell’s April 8, 2015 letter was not an “adverse employment action” under the Rules, and thus could not be appealed to the Board. The City further argued that the appeal was untimely under Section 2.06 of the Rules if construed as an application for rehearing or an appeal from the Board’s October 20, 2014 ruling that reinstated Mr. Metzler and ordered an award of back wages subject to the aforementioned deduction.
In. response to the City’s reply, Mr. Met-zler argued that Mr. McConnell’s action was indeed an “adverse employment action” under the Rules, ánd thus was ap-pealable. In this regard, Mr. Metzler asserted that “it was Mr. McConnell, acting in his official capacity, who misapplied the correct law, resulting in the denial of back pay to [Mr. Metzler],” and that Mr. McConnell “was acting on behalf of the City of Kenner, and his actions are attributable to: the, City.” He further argued that his appeal of Mr. McConnell’s decision withholding his back wages was timely.
The Board heard the motion to dismiss on August 24, 2015, and in an Order dated August 26, 2015, granted the City’s motion to dismiss, concluding that “the Board [lacked] jurisdiction of the subject matter [of the appeal].” The Board did not reach the merits of Mr. Metzler’s position that the Board and Mr. McConnéll had misapplied Section 2.09(B) of the Rules and that he was due back pay with no deductions for >his earnings from other employment.
*637 ' On September 25, 2015, Mr. Metzler filed a “Petition for Review of a Final Decision by the City of Kenner Municipal Civil Service Board” with this Court, seeking an appeal of the Board’s August 26, 2015’s Order granting the City’s motion to dismiss Mr. Metzler’s, appeal to, the Board.[1] This appeal followed.
|ROn appeal, Mr. Metzler argues that the decision of the Board dismissing his petition for appeal regarding Mr. McConnell’s April 8, 2015 letter for lack- of jurisdiction was error. He argues that it was Mr. McConnell who “erroneously included wages earned by, [Mr. Metzler] that he would have earned even if he had remained continuously employed with the [City].” This action by Mr. McConnell, he argues, was an “adverse employment action” conferring jurisdiction on the Board to hear his appeal of Mr. McConnell’s decision. Mr. Metzler further argues that his appeal to thé Board was timely, since it was'filed within thirty days of Mr. McConnell’s said decision.
In response on appeal, the City argues that the Board correctly rilled that it lacked jurisdiction to’ hear Mr. Metzler’s appeal to the Board filed on April 2&, 2015, because Mr. McConnell’s act of computing Mr. Metzler’s back pay award was not a “denial” of back pay, but was merely an act in compliance with the explicit instructions of the Board’s October 20, 2014 Order, and Section 2.09(B) of the Rules cited therein, and was thus not an appealable “adverse employment action.” The City argues that the “adverse employment action” relevant to this matter was the Board’s October 20, 2014 Order, in which Mrl Metzler was specifically notified that “all monies” he-earned during his period of abseiice from the City payroll would be deducted in 'computing his back pay award, and further that Mr. Metzler’s' petition for appeal filed on April 29, 2015, if construed as an application fór rehearing or an appeal of the Board’s October 20', 2014 Order, was ufitimely.
•• ’ . ANALYSIS .
Section 2.06' of the Rules provides that an employee who wishes to appeal an “adverse employment action or decision” can file a petition for appeal-with the |7Board within thirty calendar days following the effective date of the adverse action or décision, or within thirty calendar days after he learned of the adverse action or decision, where formal written notice was not required oh given. Section 2.04(A) of the Rules, entitled “Appeals,” sets forth the types- of actions that can be appealed to the Board, to-wit:
Regular employees in the classified service shall have the right, to appeal to the Board from suspension, withholding of pay, dismissal, layoff or furlough^ reduction in pay, demotion, or other actions(s) specified elsewhere in these Rules to test tiie reasonableness of such action.
Mr. Metzler’s first affidavit, dated October 29, 2014 (which was within the time period for filing an application for rehearing of the October 20, 2014 Order under Section 2.14(E)(1) of the Rules), clearly shows that he was aware that the Order’s italicized language as written provided for *638 an outcome adverse to his position.[2] It is obvious from his affidavits that Mr. Met-zler had the belief that the italicized language contained in the Order either did not apply to him or was subject to possible interpretation adverse to his position, because the jobs that he held during his absence from the City payroll were jobs that he had permissibly held co-extensively with his City job before his termination. Thus, it is clear that Mr. Metzler understood that the October 20, 2014 Order, while favorable to him in that it ordered his reinstatement to employment, was also unfavorable to him in that it ordered that his back pay award be offset by “all monies” earned by him while absent from the City payroll, without qualification or exception. The Order’s language, relying on Section 2.09(B) of the Rules, was explicit; it contained no exceptions to Rule 2.09(B).[3]
|sUpon review, we find that the Board’s October 20, 2014 Order was the actionable appealable “adverse employment action” relevant to this matter. That Order clearly stated that “all monies earned by [Mr. Metzler] during the period of absence from the City payroll ... shall be deducted in computing the amount of the back pay award.” The Order’s pertinent language, italicized in the original Order as noted above, contained no qualification or condition as to the deduction, or possible alternative interpretation, such as Mr. Metzler immediately claimed in his October 29, 2014 affidavit (and in his supplemental November 4, 2014 affidavit). The Order’s explicit language specifically placed Mr. Metzler on notice that the City “shall” deduct “all monies” earned during his period of absence from the City payroll from his back pay award.[4] It was incumbent upon Mr. Metzler, at that point, to seek clarification of the Order through a timely request for rehearing or reconsideration as provided in Section 2.14(E)(1) of the Rules,[5] or to file a timely appeal of the Order to this Court as per Rule 2.14(F) of the Rules. Further, Mr. McConnell’s letter of April 8, 2015 to Mr. Metzler, stating that he would not receive any back pay, was merely a calculation of back pay, rather than a “denial” of back pay. The calculation of back pay awards pursuant to Section 2.09(B) of the Rules is neither listed as an appealable action in Section 2.04(A) of the Rules, nor specified elsewhere in the Rules as such, and thus was not an appealable “adverse employment action” under the Rules. Mr. McConnell’s action was merely ministerial. He was simply following the explicit language of the Board’s October 20, 2014 Order and Section 2.09(B) of the Rules quoted therein.
*639 ^^Accordingly, based on the. foregoing, we find that the Board did not err in dismissing Mr. Metzler’s petition for appeal regarding Mr. McConnell’s April 8, 2015 letter for lack of jurisdiction. Further, Mr. Metzler’s petition forvappeal to the Board, filed on April 29, 2015, if considered as an application for rehearing or an appeal of the Board’s October 20, 2014 Order, was clearly untimely, as it was filed more than thirty days after the Board’s October 20, 2014 Order.[6] As such, although harsh, we find no error in the Board’s action in granting the motion to dismiss the appeal filed by the City of Kenner.

CONCLUSION

For the foregoing reasons, we affirm the dismissal of Mr. Metzler’s appeal to the City of Kenner Civil Service Board.

AFFIRMED

. Section 2.14(F) of the Rules provides that ‘‘[decisions of the Board shall be subject to review on any question of law or fact upon application for review to the Louisiana Fifth, Circuit Court of Appeal.” See also La. Const. Art. X, § 12(B), which provides in pertinent part that ”[t]he decision of a [city] commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application’ filed with the commission within thirty calendar days after its decision becomes final."

. The supplemental affidavit submitted by Mr. Metzler on November 4, 2014 adds the specific amount of earnings he received from the two listed jobs, but otherwise is identical with the first affidavit. Mr. Metzler provided supporting documentation of his other earnings in March of 2015.

. The statute upon which Section 2.09(B) of the Rules is based, La. R.S. 49:113, similarly contains no exceptions, to-wit:
Employees in the state or city civil service, who have been illegally discharged from their employment, as found by the appellate courts, shall be entitled to be paid by the employing agency all salaries and wages withheld during the period of illegal separation, against which amount shall be credited and set-off all wages and salaries earned by the employee in private employment in the period of separation. (Emphasis added.)

. The word "shall” is commonly understood to be mandatory. La. R.S. 1:3.

. Section 2.14(E)(1) of the Rules provides that an application for rehearing or reconsideration of a decision or order by the Board must be filed "within ten (10) days of the date on which the subject Board decision or order is mailed to the interested parties.”

. Because we find no error in the Board's dismissal of Mr. Metzler’s appeal to the Board for lack of jurisdiction, we do not consider the merits of Mr. Metzler’s argument in brief that the City erred in calculating his back pay award.