PAULETTE COOPER

VERSUS

CITY OF KENNER

NO. 19-CA-383

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE CITY OF KENNER, CIVIL SERVICE BOARD
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-1, DAVID RICHARDSON, CHAIRMAN PRESIDING


October 30, 2019


**PER CURIAM**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson


**MOTION TO DISMISS DENIED**
    **FHW**
    **JGG**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLEE,
PAULETTE COOPER
    Clement P. Donelon

COUNSEL FOR DEFENDANT/APPELLANT,
CITY OF KENNER
    C. A. Fleming, III

**WICKER, J.**

In her motion to dismiss this appeal, appellee Paulette Cooper ("Cooper") argues that this Court does not have jurisdiction to hear an appeal from a decision of the Kenner Civil Service Board (the "Board") brought by Appellant, the City of Kenner ("Kenner"). Resolving that this Court is properly possessed with jurisdiction to hear an appeal from a decision of the Board, Cooper's motion to dismiss is denied.

According to Cooper, Section 8.04 of Kenner's Home Rule Charter (the "Charter") requires that an appeal from a decision of the Board must be filed in "the court of original and unlimited jurisdiction in civil suits for the Parish of Jefferson," which is the 24th Judicial District Court in Jefferson Parish. The City of Kenner, however, argues in opposition that appellate jurisdiction is conferred upon this Court by the Louisiana Constitution, which controls over competing local laws and the Kenner Civil Service Rules.

This Court has previously reviewed decisions of the Board, noting that appellate jurisdiction was provided by Article 10, Section 12 of the Louisiana Constitution and the Kenner Civil Service Rules. *See Metzler v. City of Kenner*, 15-601 (La. App. 5 Cir. 3/16/16), 194 So.3d 634, 637 & n.1. This Court has never been faced with the arguments Cooper now makes challenging its jurisdiction, namely, (1) that the Kenner Civil Service Rules are inapplicable and superseded by the mandates of the Charter, and (2) the City of Kenner's civil service system is not subject to the provisions of Article 10 of the Louisiana Constitution because the City's population has never exceeded four hundred thousand.[1] We find that both arguments are without merit and reaffirm that this Court has jurisdiction as stated in *Metzler v. City of Kenner*. *Id.*

---

[1] *See* La. Const. Art. 10, § 1(B).

Section 2.14(F) of the Kenner Civil Service Rules provides:

Decisions of the Board shall be subject to review on any question of law or fact upon petition for review to the Louisiana Fifth Circuit Court of Appeals.

(1) An application for appeal from a decision of the Board shall be effectuated in accord with the Uniform Rules – Courts of Appeal, Rule 3, 3-1, Fifth Circuit Court of Appeals, The Special Appeals, Administrative Cases, said rules hereby being adopted, and by reference made part hereof.

The language of Section 2.14 mirrors the language of La. Const. Art. 10 § 12(B), which provides that "[t]he decision of a [city] commission shall be subject to review on any question of law or fact upon appeal to the court of appeal wherein the commission is located, upon application filed with the commission within thirty calendar days after its decision becomes final."

***Home Rule Charter vs. Civil Service Rules***

Cooper contends that the Kenner Civil Service Rules are inapplicable for two reasons. First, she claims that the Rules "apparently, were never adopted" by Kenner's electors or city council. However, the Charter, which establishes the City Civil Service System, provides that Civil Service Rules "shall become effective upon approval by the Civil Service Board, and shall have the full force of law." Home Rule Charter, City of Kenner, Section 8.03(A)(3). The Rules at issue are currently in use by the Board, and there is no reason to believe the Board has not approved them. Second, Cooper points out that the Charter clearly establishes that, "[t]he provisions of this Section shall prevail if conflicts are found between this Section and other laws of the City of Kenner." Home Rule Charter, City of Kenner, Section 8.04(E). Obviously, this provision suggests that the 24th Judicial District Court is the proper court for filing an appeal from a Board decision as the Charter provision would prevail over the Civil Service Rule requiring that the appeal be lodged with the Fifth Circuit. Thus, Cooper's assertion requires this Court to

determine whether the provisions of a municipality's home rule charter can confer appellate jurisdiction on a district court.[2]

The Louisiana Supreme Court has held:

[A] court's review of an administrative tribunal's action is considered functionally to be an exercise of its appellate review jurisdiction. [3]

Therefore, for the purpose of judicial review of administrative action, the district courts are courts of limited jurisdiction, having only such appellate jurisdiction to review administrative actions as is provided by law or constitutionally required.

Consequently, a litigant seeking judicial review of administrative action in a district court must establish that there is a statute which gives subject matter jurisdiction to that court. (Citations omitted)

*Loop, Inc. v. Collector of Revenue*, 523 So.2d 201, 202–03 (La. 1987); La. Const. Art. V, § 16(B); *see Quatrevingt v. State through Landry*, 17-0884 (La. App. 1 Cir. 2/8/18), 242 So.3d 625, 636, *writ denied*, 18-0391 (La. 4/27/18), 239 So.3d 837.

"Local government subdivisions," meaning municipalities and parishes,[4] may not adopt regulations or ordinances which contravene general state law or are inconsistent with the Louisiana Constitution. *See* La. Const. Art. 6, §§ 4, 5, 7, 9; *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690 (La. 7/5/94), 640 So.2d 237. The prohibition generally applies to home rule charters adopted by local governmental subdivisions under La. Const. Art. 6, § 5. And while there is some additional power retained by municipalities with home rule charters that existed prior to the adoption of the 1974 Louisiana Constitution, those home rule charters may only allow for exercise of authority that is consistent with

---

[2] In 2010, the First Circuit left open the question of "whether, in the absence of a statute enacted by the Louisiana legislature, the provisions of a home rule charter or plan of government passed by a municipal entity can confer appellate jurisdiction on a district court." *City of Baton Rouge v. Bethley*, 09-1840 (La. App. 1 Cir. 10/29/10) 68 So.3d 535, 539. In that case, the City of Baton Rouge, Parish of East Baton Rouge appealed a decision of the 19th Judicial District Court, Parish of East Baton Rouge affirming a decision of the Personnel Board for the City/Parish. *Id.* at 535. The First Circuit determined that no constitutional or statutory authority existed conferring appellate jurisdiction on the 19th JDC. *Id.* at 538. La. Const. Art. 5, § 12 did not apply because the case did not involve an appeal from a city civil service commission, otherwise original appellate jurisdiction would have been vested in the courts of appeal. *Id.* at 539.

[3] As opposed to a view prior to the adoption of the 1974 Louisiana Constitution that such review could be considered an exercise of a district court's original jurisdiction. *See Loop, Inc.*, 523 So.2d at 203 n.1.

[4] La. Const. Art. 6, § 44

the 1974 Constitution. La. Const. Art. 6, § 4 states, "*Except as inconsistent with this constitution*, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted." (Emphasis added).

According to the 1974 Louisiana Constitution, local governmental subdivisions may not enact local laws establishing or affecting courts or contravening La. Const. Art. 5, which provides that "a district court shall have appellate jurisdiction as provided by law." This Court has found no statute specifically conferring jurisdiction to hear an appeal from the Kenner Civil Service Board on the 24th Judicial District Court.[5] For that reason and because we find that the City of Kenner's civil service system is governed by Article 10 of the Louisiana Constitution, Kenner's Charter cannot grant appellate jurisdiction to the district court.

### *Applicability of La. Const. Art. 10*

Cooper is correct that Section 1 of Article 10 of the Louisiana Constitution establishes a state civil service and a city civil service in each city "having over four hundred thousand population." Since Kenner has reportedly never had a population of four hundred thousand, the city normally would not be subject to the rules in Article 10. However, Article 10, Section 14 provides:

> Each city having a population exceeding ten thousand but not exceeding four hundred thousand, each parish, and each parish governed jointly with one or more cities under a plan of government, having a population exceeding ten thousand, according to the latest official decennial federal census, may elect to be governed by this Part by a majority vote of its electors . . ..

La. Const. Art. 10, § 14(A).

---

[5] Similar statutes do exist for other parishes. Title 33 of the Louisiana Revised Statutes contains laws pertaining to civil service systems in particular political subdivisions and parishes. For example La. R.S. 33:2453(2) provides that an appeal from a decision of the civil service board in Rapides Parish "shall lie direct to the court of original and unlimited jurisdiction in the civil suits for the parish of Rapides."

In 1990, the City of Kenner requested an opinion of the Attorney General concerning the establishment of a city civil service system. The Opinion recognized that "the Legislature has provided in Title 33, Chapter 5, Part I, for city civil service applying 'to any city having a population exceeding one hundred thousand according to the latest regular federal census.'" 1990 WL 544914 (La. A.G.), La. Att'y Gen. Op. No. 90-488; *see* R.S. 33:2391. However, since Kenner's population was less than 100,000, the city could not "come within the purview of the statutes" known as "the City Civil Service Law." 1990 WL 544914 (La. A.G.), La. Att'y Gen. Op. No. 90-488; *see* La. R.S. 33:239.

The Opinion clarified that Kenner would be allowed to create a city civil service system and elect that it be governed by the provisions in Article 10 of the Constitution. Once the election is made, according to Article 10, Section 14, the rules and regulations of Article 10 "shall apply permanently to the city, the parish, or the city-parish, as the case may be, and shall govern it as if this Part had originally applied to it." *See also Concerned Classified City Employees, Inc. v. Civil Service Comm'r*, 15-0654 (La. App. 4 Cir. 1/6/16), 184 So.3d 824, 832–33 (holding that the operation of the city of New Orleans's civil service commission did not revert back to being controlled by the city's home rule charter upon a decrease in the population to below 400,000 based on the language of permanence in La. Const. Art. 10, § 14(B)). Furthermore, once the civil service system is established pursuant to Article 10, Section 14, "its rules and regulations will control over conflicting home rule charter provisions as the home rule charter cannot grant powers denied by general law or inconsistent with the constitution." 1990 WL 544914 (La. A.G.), La. Att'y Gen. Op. No. 90-488.

Another option for Kenner was "an act of the Legislature to create a civil service for the City of Kenner" based on the authority granted in La. Const. Art. 10, § 15. However, the Kenner City Council could not "create a civil service

system of its choosing" under its home rule charter. 1990 WL 544914 (La. A.G.), La. Att'y Gen. Op. No. 90-488. The Attorney General likened Kenner's situation to a previous opinion finding that Lafayette City Council "was not authorized under its home rule charter to enact an ordinance which is inconsistent or in conflict with any act of the Legislature regarding a municipal civil service system." *Id.*

Based on the subsequent creation of the Kenner Civil Service System as opposed to a legislative act creating such a system for Kenner,[6] this Court can infer that the Kenner Civil Service System *is* governed by the provisions of Article 10 of the Louisiana Constitution, specifically, La. Const. Art. 10 § 12(B). For the aforementioned reasons, an appeal from a decision of the City of Kenner's Civil Service Board is properly lodged with the Louisiana Fifth Circuit Court of Appeals as is stated in La. Const. Art. 10, § 12(B) and the Kenner Civil Service Rules, Rule II, Section 2.14(F), notwithstanding any contrary provision of Kenner's Home Rule Charter.

## CONCLUSION

For the aforementioned reasons, Appellee's motion to dismiss this appeal is denied.

## MOTION TO DISMISS DENIED

---

[6] Title 33 now contains provisions creating a "Fire and Police Civil Service Law for Municipalities between 13,000 and 250,000" as well as a "Fire And Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts." La. R.S. 33:2471 – La. R.S. 33: 2571. Nothing in those sections changes the analysis herein because once a City elects to have its civil service system governed by the provisions in La. Const. Art. 10, the laws' applicability is permanent, and also, Kenner's Charter contemplates that "there shall be a separate Fire and Police Department Civil Service System as provided by applicable state law." Home Rule Charter, City of Kenner, Section 8.05.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

MARY E. LEGNON
INTERIM CLERK OF COURT

## 19-CA-383

### E-NOTIFIED
CITY OF KENNER CIVIL SERVICE BOARD (CLERK)
CLEMENT P. DONELON (APPELLEE)          C. A. FLEMING, III (APPELLANT)

### MAILED
DAVID RICHARDSON                TODD MCDOWELL
CHAIRMAN                        CIVIL SERVICE DIRECTOR
CITY OF KENNER                  CITY OF KENNER
DEPARTMENT OF CIVIL SERVICE     DEPARTMENT OF CIVIL SERVICE
1801 WILLIAMS BOULEVARD         1801 WILLIAMS BOULEVARD
KENNER, LA 70062               KENNER, LA 70062