McClendon, J.
This is an appeal from a trial court judgment reversing the decision of the Personnel Board for the City of Baton Rouge/Parish of East Baton Rouge (City/Parish) that terminated a civil service employee. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff/appellee, Stanley P. Lemoine, Jr., was employed with the Department of Public Works (DPW), for the City/Parish, as a Pump Mechanic II, a classified civil service employee, from October 7, 1980, until his termination on August 11, 2001.
Mr. Lemoine was arrested by the East Baton Rouge Parish Sheriffs office on drug-related charges on July 1, 2001. He did not report to work on July 2, 2001. On July 3, 2001, Mr. Lemoine drove to his work premises and immediately went to see his acting supervisor to request help through the employee assistance program, in accordance with the City/Parish’s Drug-Free Workforce Ordinance. Mr. Lemoine was referred by his immediate supervisor to Robin Hall, another supervisor at the DPW plant. Mr. Lemoine told Mr. Hall he wanted to self-refer to enter the employee assistance program and that he had been arrested on a drug charge over the weekend. Mr. Hall then contacted Miller Hartzog, another DPW supervisor, with the information, who informed Mr. Hall that he was required to send Mr. Lemoine for a drug test based upon “reasonable suspicion” under the Drug-Free Workforce Ordinance. Mr. Lemoine reported for the drug test which came back positive. Subsequent to a pre-termination hearing, Mr. 13Lemoine was terminated, based on a violation of the City/Farish’s Drug-Free Workforce Ordinance No. 11774.[1]
Mr. Lemoine timely appealed his termination to the Personnel Board. After a hearing held on October 9, 2001, the Personnel Board upheld the action of DPW. Thereafter, Mr. Lemoine filed a petition for judicial review in the Nineteenth Judicial District Court.[2] The trial court determined that Mr. Lemoine’s termination was not valid and issued written reasons for judgment on August 9, 2002. Judgment *552 was signed reversing the judgment of the Personnel Board on October 1, 2002.
The City/Parish appealed asserting that the trial court erred in reversing the decision of the Personnel Board and erred in holding the decision of the Personnel Board to be arbitrary and capricious and in disregard of the substantial evidence. The City/Parish further asserted that the trial court erred in failing to follow Ordinance No. 11774 and the rules governing employees in the classified service of the City/Parish.
DISCUSSSION
The Louisiana Constitution of 1974 provides in Article 5, Section 16(B) that district courts have appellate jurisdiction as provided by law. The rules governing classified employees, however, provide that the decision of the Personnel Board is final and there is no provision for an appeal to the court system.[3] Nevertheless, even in the absence of statutory authority, the right of judicial review of administrative proceedings exists. Tanner v. City of Baton Rouge, 422 So.2d 1263, 1265 (La. App. 1 Cir.1982), writ denied, 429 So.2d 128 (La.1983).[4]
In reviewing the decision of an administrative agency, the trial court is exercising its exclusive original jurisdiction. The trial court, however, does not afford a trial de novo and cannot ignore the prior findings and conclusions of an administrative body. Its proper function is to serve as a court of review. Id.
The decision of the Personnel Board may not be overturned absent a finding that it is either not supported by substantial and competent evidence, or that it is arbitrary, capricious and an abuse of discretion. Jarrett v. Capital Area Legal Services Corp., Inc., 99-0193, p. 4 (La.App. 1 Cir. 3/31/00), 763 So.2d 698, 701, writ not considered, 01-0710 (La.4/12/01), 789 So.2d 601; James v. City of Baton Rouge, 489 So.2d 1308, 1310 (La.App. 1 Cir.1986). Our review is limited to whether the trial court was manifestly erroneous or clearly wrong in concluding that the findings of the Personnel Board were not supported by substantial and competent evidence and that based upon those findings, the Personnel Board’s decision was arbitrary, capricious and an abuse of discretion. See Stobart v. State, Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La. *553 1993); Tanner v. City of Baton Rouge, 422 So.2d at 1266.
| sThe City/Parish argues that Mr. Lem-oine inappropriately used the self-referral portion of the ordinance in an attempt to avoid termination. Section 8:8 of Ordinance No. 11774 provides in pertinent part:
A. When available. An employee who has never tested positive for drugs or alcohol while employed by the city-parish may, at any time prior to:
1. The observation by an appropriate city-parish representative of facts that would justify reasonable, individualized suspicion for purposes of subsection 8:5.C. of this chapter;
[[Image here]]
refer himself or herself for evaluation and treatment of a drug or alcohol abuse problem. An employee may only self-refer under this chapter one (1) time during all city-parish employment. An employee taking leave for alcohol or drug treatment shall constitute a self-referral.
B. Consequences. An employee shall not be disciplined solely because of the self-referral and shall, with respect, to any violations of this chapter 'that occur after the self-referral, retain all rights available to city-parish employees under this chapter.
C. Procedure
1. The intent to self-refer shall be declared either to the head of the department in which the employee works, or his or her designee, or to the city-parish, in accordance with procedures established by the city-parish pursuant to this chapter.
Mr. Hall informed Mr. Lemoine that he was required to send Mr. Lemoine for a “reasonable suspicion” drug test under section 8:2(G)(3) of the City/Parish Drug-Free Workforce Ordinance. Subsection G provides:
Reasonable suspicion means the observation of any one of the following facts:
1. Employee behavior that indicates that the employee may be under the influence of drugs or alcohol while in the city-parish workplace;
2. Direct observation by a supervisor of employee drug or alcohol use or possession while in the city-parish workplace;
|fi3. Arrest or conviction of the employee for a violation of a criminal drug law, or the identification of the employee by the investigating authority as the focus of a current criminal investigation into illegal drug possession, use, or trafficking; or
4. Arrest or conviction of the employee for a violation of a criminal alcohol law.
5. Information received by a supervisor from an unidentified source or sources that the employee is using drugs or alcohol or is impaired in the city-parish workplace, when this information is corroborated by direct observation by any supervisor of drug or alcohol use by the employee or by other evidence from any supervisor with training and experience in the evaluation of drug-induced impairment.
Defendants initially contended that the arrest itself was reasonable suspicion under subsection (G)(3) that justified the drug test. Alternatively, defendants argued that because Mr. Lemoine told Mr. Hall that he was arrested, that information constituted an observation of facts by an appropriate city-parish representative that would justify a reasonable suspicion under section 8:8. At the hearing before the Personnel Board, defendants further argued that the sheriffs deputy that arrested Mr. Lemoine was “an appropriate *554 City/Parish representative” whose observation of facts (the arrest) justified a reasonable suspicion, authorized the drug test and, therefore, made the self-referral untimely under section 8:8(A)(1) of the ordinance.
Admittedly, the arrest itself could be reasonable suspicion under Section 8:2(G)(3), as there is nothing in the ordinance to prevent the City/Parish from administering a reasonable suspicion drug test based on information it received from Mr. Lemoine during the self-referral process. However, the issue remains as to whether the results of a positive drug test after a valid self-referral can be used against an employee and, in this case specifically, as the basis for the termination of Mr. Lemoine.
|7Mr. Lemoine was dismissed pursuant to Ordinance 11774. Section 8:7(D) of Ordinance 11774 provides in part:
1. An employee commits a Class I violation of this chapter when the employee:
[[Image here]]
h. Works or reports for city-parish work under the influence of any drug in violation of subsection 8:3(C) of this chapter;
[[Image here]]
2. An employee who commits a class I violation shall be dismissed from city-parish employment.
Section 8:3(C) provides in part:
C. Use of drugs and alcohol. All city-parish employees are also prohibited from:
1. Working or reporting for work under the influence of any drug, or with a sufficient amount of any drug or metabolite thereof in their systems to result in a positive test as defined in subsection 8:2.F.l of this chapter.
There is no dispute that Mr. Lemoine’s drug test was positive. As such, he was on the workplace premises in an impaired condition. What is unanswered, however, is whether, under the language of the ordinance, Mr. Lemoine was “working” or “reporting for work” on July 3, 2001, such that the results of his drug test could be used as the basis for his termination.
It is true that Mr. Lemoine went to the work premises on July 3, 2001, and clocked in. Mr. Skip Breeden, who testified on behalf of DPW at Mr. Lemoine’s termination hearing before the Personnel Board, stated that it was permissible to appear at work to self-refer as long as it was stated that the employee was not going to work. Mr. Breeden further testified that employees who are under the influence can call in and self-refer over the telephone and this would not subject the employee to a drug test. Mr. | «Breeden stated that he preferred that the employee call in to self-refer to avoid the possibility of a drug test.[5]
Mr. Lemoine testified before the Personnel Board that he appeared at work that morning to get a self-referral for the problem he had. This testimony was not disputed.
Mr. Lemoine clearly did not perform any work-related activities that morning. Nor is there any evidence in the record to support a conclusion that he was “reporting for work” within the meaning of the ordinance. Further, nothing in the record *555 presented before us indicates any intent by Mr. Lemoine to work that day. Mr. Lem-oine came in and did nothing other than report to his supervisor to self-refer. The City/Parish did not show otherwise.
The trial court determined that Mr. Lemoine attempted to self-refer prior to disclosing that he had been arrested. The trial court further found that Mr. Lemoine qualified for and correctly utilized the self-referral ordinance. The trial court additionally determined that Mr. Lemoine was not reporting to work on July 3, 2001, while under the influence and that his sole intention was for self-referring for drug treatment. Thus, the trial court found that Mr. Lemoine’s termination by the Personnel Board was not valid under the code of ordinances given the circumstances presented on July 3, 2001.
After a thorough review of the law and evidence in this case, we are unable to say the trial court did not have a reasonable basis to conclude that the Personnel Board lacked competent and substantial evidence to show that Mr. Lemoine was “working or reporting for work” on July 3, 2001 within |9the meaning of the ordinance. Accordingly, we cannot say that the trial court erred in finding the decision of the Personnel Board arbitrary and an abuse of discretion.
CONCLUSION
For the reasons assigned, the judgment of the trial court is affirmed. Costs are assessed against the City of Baton Rouge/Parish of East Baton Rouge.
AFFIRMED.

. Appellants refer to the Drug-Free Workforce Ordinance as No. 11774. At the time of the alleged violation of the ordinance, its latest revision was found in No. 11774, § 1, 6-28-00. The self-referral provision of the ordinance, however, was not amended at that time. Its last revision was found in Ordinance No. 9877, § 2, 4-27-94. For consistency and clarity, the Drug-Free Workforce Ordinance, in its entirety, will be referred to as No. 11774.

. Made defendants were the Department of Public Works, City of Baton Rouge, Parish of East Baton Rouge and the Personnel Board for the City of Baton Rouge, Parish of East Baton Rouge.

. Section 9.05 of Chapter 9 of the Parish of East Baton Rouge and City of Baton Rouge Plan of Government provides in pertinent part that "[t]he decision of the Personnel Board either sustaining, reversing or modifying the disciplinary action appealed from shall be final.”

. But see City of Baton Rouge v. Bernard, 01-2468, p. 5 (La.App. 1 Cir. 1/22/03), 840 So.2d 4, 7, writ denied, 03-1005 (La.6/27/03), 847 So.2d 1278, wherein this Court dismissed the appeal by the City/Parish of the Personnel Board decision to reinstate a city employee after his termination by the city, finding that neither the district court nor appellate court had subject matter jurisdiction over the case. The Court stated:
The City/Parish is a juridical person, not a natural person. See La. C.C. art. 24. As such, its capacity “is governed by provisions in its charter, governing legislation, and customs.” La. C.C. art. 24 and Comment (d). A juridical person, as a creature of the law and by definition, has no more legal capacity than the law allows.
The City/Parish operates under a home rule charter. The City/Parish has by its own charter limited its recourse as a juridical entity from adverse decisions of its own Personnel Board. The limitation so imposed upon its rights does not violate due process of law under the Louisiana Constitution.
In this matter, however, unlike Bernard, an employee of the City/Parish, and not the City/Parish, sought review of the decision of the Personnel Board. Therefore, we find Bernard distinguishable.

. While it is of great concern that Mr. Lem-oine apparently drove to work in a City/Parish vehicle on the morning in question, the evidence was clear that no ordinance or rule required that Mr. Lemoine only telephone in his self-referral request.