NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0692

DAVID CAMPAGNA

VERSUS

CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE
THROUGH THE DEPARTMENT OF FINANCE; AND CITY OF
BATON ROUGE/PARISH OF EAST BATON ROUGE PERSONNEL
BOARD

*DATE OF JUDGMENT:* **APR 0 3 2023**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 697692, SECTION 27

HONORABLE TRUDY M. WHITE, JUDGE

* * * * * *

Anderson O. Dotson, III
Dawn N. Guillot
Baton Rouge, Louisiana

Counsel for Defendant-Appellant
City of Baton Rouge/Parish of East
Baton Rouge

J. Arthur Smith, III
Robert M. Schmidt
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellee
David Campagna

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **AFFIRMED IN PART AND REVERSED IN PART.**

**Chutz, J.**

Appellant, the City of Baton Rouge/Parish of East Baton Rouge (the City/Parish), appeals a district court judgment reversing the decision of the City/Parish Personnel Board (the Personnel Board) refusing to grant a hearing or take any action on a classified civil service employee's appeal of two "poor" service ratings, which resulted in the service ratings remaining unchanged. For the following reasons, we affirm in part and reverse in part.

### FACTUAL AND PROCEDURAL BACKGROUND

From December 10, 1994, through March 5, 2020, David Campagna was a permanent classified civil service employee working as an auditor for the City/Parish Finance Department. On November 21, 2019, he received a year end service rating of "poor." He appealed the "poor" rating the following day. After ninety days, Campagna was re-rated on February 21, 2020, and again received a service rating of "poor." Campagna also appealed that rating.

By letter dated March 5, 2020, Campagna was terminated, effective at the close of business that date, on the grounds of his alleged "inability to perform the duties of [his] position." Specific reference was made in the termination letter to Campagna's two "poor" service ratings, as well as to Rule VIII, § 5.4.[1] Under this rule, an employee "shall" be dismissed if he fails to advance to a higher rating level when he is re-rated after having received a "poor" service rating.

A pre-termination hearing was held on March 3, 2020, at which Campagna purportedly was given the opportunity to present witnesses and other evidence regarding his possible termination.[2] According to the termination letter, Campagna

---

[1] All references made herein to civil service rules are made to the "Rules Governing Employees in the Classified Service of the City of Baton Rouge and Parish of East Baton Rouge."

[2] Because a permanent classified civil service employee has a property right in his continued employment, due process requires he be given notice of the charges and evidence against him and an opportunity to respond before the termination of his employment. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985); see

2

failed to provide any witnesses or present any evidence that would lead the Finance Department director to overturn the "performance scoring" of Campagna's supervisors or demonstrate any improvement in his performance during the 90-day improvement period. Campagna appealed his termination to the Personnel Board, but the parties agreed to stay the appeal of the termination pending the outcome of the instant appeal involving his "poor" service ratings.

At a hearing on March 12, 2020, the Personnel Board considered both of Campagna's appeals of his "poor" service ratings, even though Campagna asserted he was unprepared to argue on the second appeal. After hearing arguments from both sides, the Personnel Board concluded Campagna failed to make a *prima facie* case entitling him to a hearing under Rule VIII, § 7.3(A) and (C) on the merits of either of his two "poor" service ratings. By letter dated March 17, 2020, the Personnel Board gave Campagna formal notice of its unanimous vote to take no action on his appeals. The Personnel Board's decision to take no action meant Campagna's "poor" service ratings remained unchanged. See Rule VIII, § 7.3(B).

Campagna filed a petition for judicial review in the 19th Judicial District Court. He alleged the Personnel Board erred in multiple respects, including: failing to allow him to contest the merits of his "poor" service ratings at the March 12, 2020 hearing; failing to allow him to introduce evidence and testimony regarding his job performance while allowing the City/Parish to present evidence and testimony regarding the same issue; and allowing the Personal Board's attorney to take positions on evidentiary matters and to make prejudicial comments on the evidence. Additionally, Campagna alleged the civil service rule requiring him to carry the burden of presenting a *prima facie* case before being granted a hearing on his service

---

also *Williams v. Department of Public Safety & Corrections-Elayn Hunt Correctional Center*, 08-2294 (La. App. 1st Cir. 10/8/09) (unpublished), 2009 WL 3231872, at *1

3

ratings was unconstitutional and resulted in his due process rights being violated at the March 12, 2020 hearing.

Following a hearing, the district court signed a judgment on April 25, 2022, reversing the Personnel Board's decision and remanding the matter to the Personnel Board to hold a full hearing on Campagna's two "poor" service ratings and his resulting termination. In its reasons for judgment, the district court opined that because Rule VIII, § 5.4 provides for mandatory termination if an employee fails to improve his performance when re-rated 90 days after receiving a poor service rating, the Personnel Board's decision to hear both appeals together shifted the burden of proof to the City/Parish "to show at a minimum, that Campagna did not improve his job performance in the re-rating by advancing to a higher level." The district court concluded the March 12, 2020 hearing was not conducted in accordance with the City/Parish's civil service rules or the constitutional requirements of due process and the Personnel Board's ruling upholding the initial rating and subsequent re-rating constituted manifest error.

The City/Parish has now appealed, arguing in three assignments of error that the district court erred: (1) in ordering a full hearing on Campagna's termination and in considering the merits of the second service rating; (2) in finding Campagna had a property interest in his performance reviews and, therefore, a right to a due process hearing at which the City/Parish would bear the burden of proof; and (3) in finding the Personnel Board's refusal to grant a hearing on Campagna's service ratings was not supported by the record or in accordance with proper procedures and in finding Campagna was not allowed to present evidence at the March 12 hearing.

## STANDARD OF JUDICIAL REVIEW

In reviewing a decision of the Personnel Board on a petition for judicial review, the district court exercises its exclusive original jurisdiction but does not conduct a trial *de novo* and cannot ignore the Personnel Board's findings and

4

conclusions. The district court's proper function is to serve as a court of review. The decision of the Personnel Board may not be overturned absent a finding that it is either not supported by substantial and competent evidence or that it is arbitrary, capricious and an abuse of discretion. Moreover, a presumption of regularity must be accorded to the Personnel Board's decision. *Potier v. City of Baton Rouge/Parish of East Baton Rouge*, 22-0137 (La. App. 1st Cir. 11/4/22), ___ So.3d ___, 2022 WL 16707827, at *2; *Lemoine v. Department of Public Works*, 02-2532 (La. App. 1st Cir. 9/26/03), 857 So.2d 550, 552.

In the event a district court reverses a decision of the Personnel Board on a petition for judicial review, this court's review is limited to whether the district court was manifestly erroneous or clearly wrong in concluding the Personnel Board's findings either were not supported by substantial and competent evidence or that based upon these findings, the Personnel Board's decision was arbitrary and capricious and an abuse of discretion. *Id.*

## APPLICABLE CIVIL SERVICE RULES

Rule VIII, § 5.4 provides:

A rating of Poor (Level 1) makes an employee ineligible for a one (1) step merit increase, transfer or consideration for promotion for a twelve (12) month period from the date of the rating. The employee shall be re-rated in ninety (90) days.

Upon re-rating, an employee who improves their job performance by advancing to a higher rating level shall remain employed but will remain ineligible for a one (1) step merit increase, transfer or consideration for promotion for the remainder of the rating period.

Upon re-rating, **an employee who does not improve their job performance by advancing to a higher level shall forthwith be dismissed by the appointing authority** in accordance with Rule X, Disciplinary Actions and Separations. (Emphasis added.)

Appeals of "poor" service ratings are governed by Rule VIII, §§ 7.1-7.3, which provide, in pertinent part, as follows:

7.1    In accordance with Rule X, Section 3, an employee's service rating of Poor may be appealed to the Personnel Board. ...

5

7.2 Service Ratings Appeal Process. The rules for the Personnel Board's hearing of service rating appeals ... are as follows:

    A. All "Poor" service ratings are appealable directly to the Personnel Board. ...

***

7.3 Service Ratings Appeal Determination.

    A. In either process, **the employee must present a prima facie case**, raising enough concern by the Board that his/her rating was rendered as a result of the following:

    (1) bias, based on non-job performance factors;

    (2) other action constituting an abuse of supervisors['] discretion;

    (3) other personal matters not related to the job, i.e., political reasons.

    B. **Should the employee fail to meet its [sic] burden of proof, the Board shall take no action and the [poor] rating shall remain the same.**

    C. **Should the employee meet its [sic] burden of proof, the Board shall grant the employee a hearing on the matter.** If the Board rules in favor of the appointing authority[,] the [poor] rating shall remain the same. If the Board rules in favor of the employee, then the Board shall recommend a rating.

***

    F. Any appeals regarding these matters must be taken to the 19th Judicial District Court...

(Emphasis added.)

**DISCUSSION**

Under Rule VIII, § 7.3(A), a classified employee is entitled to a hearing on an appeal of a "poor" service rating only if he makes a *prima facie* case raising "enough concern" by the Personnel Board that the rating was the result of bias, non-job performance factors, an abuse of supervisory discretion, and/or non-job-related personal matters. If the employee meets this burden of proof, he is granted a hearing

6

on the matter. If the employee fails to meet this burden of proof, the Personnel Board will take no action on the appeal and the "poor" service rating remains unchanged. Rule VIII, §§ 7.3(B) and (C).

At the March 12, 2020 hearing in this case, the Personnel Board's attorney repeatedly stressed the only issue before the Personnel Board under Rule VIII, § 7.3(A) was whether Campagna had presented a *prima facie* case raising concern that his "poor" service ratings were the result of bias, non-job performance factors, an abuse of supervisory discretion, and/or non-job-related personal matters. See Rule VIII, § 7.3. In two separate votes, the Personnel Board decided Campagna failed to meet the burden of establishing such a *prima facie* case with respect to either of his "poor" service ratings. Therefore, the Personnel Board took no action on Campagna's appeals and his two "poor" service ratings remained unchanged. Due to its ruling, the Personnel Board did not consider the merits of Campagna's "poor" service ratings.

In reversing the Personnel Board and ordering it to hold "full and meaningful hearings on the merits" of Campagna's two service ratings and his termination, it is apparent the district court disagreed with the Personnel Board's decision. In order to reverse the Personnel Board's decision, however, the district court was required to find the decision either was not supported by substantial and competent evidence or that it was arbitrary, capricious and an abuse of discretion. *Potier*, ___ So.3d at ___, 2022 WL 16707827, at *2; *Lemoine*, 857 So.2d at 552. Based on our review of the record, we find the district court manifestly erred in finding the Personnel Board's decision with respect to the November 21, 2019 service rating was not supported by the record and/or was arbitrary, capricious and an abuse of discretion. The record is devoid of any evidence indicating the November 21, 2019 service rating was rendered as a result of bias, non-job performance factors, an abuse of

7

supervisory discretion, and/or personal matters not related to the job.[3]  Therefore, the district court manifestly erred in reversing the Personnel Board's decision with respect to the November 21, 2019 "poor" service rating and ordering a full hearing on Campagna's appeal of that rating.[4]

Additionally, the district court erred in ordering a full hearing on Campagna's termination.  The decision before the district court on Campagna's petition for judicial review involved appeals of his two "poor" service ratings rather than his termination, which is the subject of a separate proceeding and appeal.  As previously noted, the parties agreed to stay the appeal of Campagna's termination pending the outcome of the instant matter.  It was improper for the district court to order a hearing be held in a separate proceeding not pending before the district court.

Regarding Campagna's February 21, 2020 re-rating of "poor," however, we agree with the district court that the Personnel Board's decision was not supported

---

[3] Campagna alleged in brief, and the district court agreed, that Campagna was not allowed to present evidence at the March 12, 2020 hearing that could have met his burden of proof under Rule VIII, §7.3.  Contrary to Campagna's assertions, however, the hearing transcript reflects the Personnel Board admitted the exhibits offered by Campagna.  Moreover, although Campagna claimed at the March 2020 hearing that he could present witnesses to support his claims if he could contact them by phone to determine if they were available, he failed to bring any witnesses to the hearing.

[4] As to claims by Campagna regarding alleged due process violations involving his appeal of the November 21, 2019 "poor" service rating, we note the consequences of this initial "poor" service rating were merely to make Campagna ineligible for a one-step merit increase, transfer, or consideration for promotion for a twelve-month period.  See Rule VIII, § 5.4.  In order to claim a due process violation, a claimant must show the existence of some property or liberty interest that has been adversely affected.  See *Washington v. East Baton Rouge Parish School Board*, 11-1703 (La. App. 1st Cir. 5/14/12) (unpublished), 2012 WL 1744466, at *5; see also *Bell v. Department of Health & Human Resources*, 483 So.2d 945, 951 (La. 1986), cert. denied, 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 55 (1986).  Further, to obtain due process protection, a person must have more than an abstract need or desire for the liberty or property interest and must have more than a unilateral expectation of the interest; instead, the person must have a legitimate claim of entitlement to the interest.  *Oliver v. Orleans Parish School Board*, 14-0329 (La. 10/31/14), 156 So.3d 596, 619-20, cert. denied, 575 U.S. 1009, 135 S.Ct. 2315, 191 L.Ed.2d 979 (2015).  In this case, Campagna failed to show his unilateral desire or expectation of receiving a service rating other than "poor," when the consequences were those noted above, rose to the level of a liberty or property interest protected by due process.

We note, however, that while Campagna did not meet the burden of proof required under Rule VIII, § 7.3 to be granted a hearing on the appeal of his November 21, 2019 service rating, because this rating apparently formed part of the basis for the termination of his employment, in which he did have a protected property interest, the City/Parish will bear the burden of proving in the post-termination proceeding that the "poor" rating was warranted.  See La. Const. art. X, § 8.

by the record and/or was arbitrary, capricious and an abuse of discretion. In its reasons for judgment, the district court concluded "[t]he mathematical calculation for the second rating was flawed" and Campagna's second service rating actually increased from "poor" to the next level of "needs improvement."[5] From our review of the November 21, 2019 and February 21, 2020 service ratings, Campagna's February 21, 2020 "poor" service rating does appear ostensibly incorrect based on an apparent numeric score that is consistent with a service rating of "needs improvement" rather than "poor."[6] The fact that Campagna nevertheless received a "poor" service rating, considered together with his assertions that he was treated differently than other employees and his ratings resulted from non-performance related factors, was sufficient to present a *prima facie* case raising "enough concern" that the February 21, 2020 "poor" service rating resulted from bias, non-job performance factors, an abuse of supervisory discretion, and/or non-job-related personal matters.

Under the circumstances, the Personnel Board's decision that Campagna did not present a *prima facie* case entitling him to a hearing under Rule VIII, § 7.3 on the appeal of his February 21, 2020 re-rating was not supported by the evidence and/or was arbitrary, capricious and an abuse of discretion. Accordingly, we find no error in the district court reversing that portion of the Personnel Board's decision

---

[5] Under Rule VIII, § 5.4, an employee who improves his "poor" service rating to a higher level upon being re-rated shall remain employed but remains ineligible for a merit increase, transfer, or consideration for promotion during the remainder of the rating period.

[6] In the November 21, 2019 service rating, Campagna was rated on seven factors for which he received ratings of either "poor" (one quality point) or the next higher level of "needs improvement" (two quality points). He received a total of ten quality points, which was then divided by seven to arrive at a numeric score of 1.43. This score falls within the 1.00 – 1.49 range for a "poor" service rating. In his February 21, 2020 re-rating, Campagna received the same ratings and quality points on each of the seven factors that he had received in his November 21, 2019 rating, except on the factor of "dependability." Campagna's rating on the factor of "dependability" improved from "poor" to "needs improvement," which earned him one additional quality point. Applying the same methodology employed in the first rating, it appears Campagna earned a total of eleven quality points, which when divided by seven, results in a numeric score of 1.57. Rather than falling in the range for a "poor" service rating, this score falls within the 1.50 – 2.49 range for a "needs improvement" service rating.

and ordering a full hearing on the appeal of Campagna's February 21, 2020 "poor" service rating.[7]

## CONCLUSION

For the reasons assigned, the portion of the district court judgment reversing the decision of the City of Baton Rouge/Parish of East Baton Rouge Personnel Board and ordering a full hearing on the merits of the appeal taken from David Campagna's November 21, 2019 "poor" service rating, as well as the portion of the judgment ordering a full hearing on his termination, are hereby reversed. The portion of the district court judgment reversing the decision of the City of Baton Rouge/Parish of East Baton Rouge Personnel Board and ordering a full hearing on the merits of the appeal taken from David Campagna's February 21, 2020 "poor" service ratings is hereby affirmed. The parties are to each pay one-half of the costs of this appeal, in the amount of $4,417.00 each.

## AFFIRMED IN PART AND REVERSED IN PART.

---

[7] In view of this disposition, we pretermit consideration of Campagna's contention that the City/Parish rules were unconstitutional, as applied, because they imposed the burden of proof on him to establish entitlement to a hearing on the merits of this appeal. For the same reason, we also pretermit consideration of the issue of whether any due process rights Campagna may have had, if any, with respect to the appeal of his second "poor" service rating were violated at the March 12, 2020 hearing by the Personnel Board's decision to consider that matter over Campagna's objection that he was unprepared to proceed on that appeal. ¶